### Case No. 7,526.

JORDAN v. WILKINS.

[2 Wash. C. C. 482.] [1]

Circuit Court, D. Pennsylvania. Jan., 1811.

Ingersoll, Chauncey & Dallas, for plaintiff. Hare,. Hopkinson & Tilghman, for defendant.

WASHINGTON, Circuit Justice. The objection to the recovery is, that the declaration charges the defendant as bailiff of certain goods belonging to the plaintiff, to make profit of for the plaintiff; and as receiver of certain sums, by the hands of A, B and C, being the money of the plaintiff, to whom he was to render an account; and has given in evidence sums of money received by the hands, not of the persons mentioned in the declaration, but of a person not named there; and these sums, so received, not the money of the plaintiff, but the money of the partners, and received on joint account. The allegata and probata, therefore, are totally at variance with each other; and the defendant's only remedy is by moving for a nonsuit. The declaration states a case at common law; and a case of one tenant in common suing another is proved. If the plaintiff meant to proceed upon the statute, he should have stated his case truly, and that the money was received on joint account, by the hands of the person who really received it. This appears by the case from [James v. Browne] 1 Dall. [1 U. S.] 339, where it was decided, that if the proof established the receipt from one of the persons named in the declaration it would be sufficient. But in this case, no proof has been given going even so far as that, and in that case the receipt was stated to be on joint account. Besides, the court, in that case, gave the most liberal construction to the statute, in consequence of the want of chancery jurisdiction in the state. This court has chancery jurisdiction. The plaintiff, therefore, must be called. Nonsuit.

The defendant produced certain papers, which the plaintiff had given notice would be required at the trial; but prayed the opinion of the court, if he was obliged to show them to the plaintiff, until he declared his intention to read them in evidence.

BY THE COURT. The plaintiff has no right to see the contents of these papers, but on this condition.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters. Jr., Esq.]