## Case No. 4,788.

### FINCH v. RIKEMAN et al.

[2 Blatchf. 301.][1]

Circuit Court, S. D. New York. Sept. 1851.

BETTS, District Judge. The provisions of the act of congress under which this motion is made are, that the courts of the United States shall have power, in the trial of actions at law, on motion and due notice thereof being given, to require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceedings in chancery. Act Sept. 24, 1789 (1 Stat. 82, § 15). It is plain, from the language of this statute, that congress did not intend to vest in parties litigant an unrestricted right to all written evidence in the possession of an adverse party, which might be pertinent to an issue in a trial at law; the qualification being explicit, that the right is allowable only in cases and under circumstances in which the court of chancery, by the ordinary rules of proceeding in that court, would compel the production of books and documents.

We find no decision of the courts of the United States upon the effect of this qualifying clause in the statute. The practice in this court, so far as it has come to our knowledge, has been uniform, to regard the summary authority given by this statute as one to be exercised only in cases where the relief might have been had by a bill of discovery, and as a substitute for that proceeding. This act of congress was probably the earliest regulation of the subject, within the United States, by positive law. The substance of its provisions has since been adopted in most of the states, either by express legislative enactments or by rules of court authorized by existing laws or usages. The English practice, however, obtained in some of the states long after the passage of this act, and the party claiming to use the contents of papers in the hands of his adversary, was obliged to resort to a notice to produce them, and, on non-compliance, to secondary evidence of their contents; or, under particular circumstances, he might have an order of the court compelling their production. 1 Tidd, Pr. 639; 1 Greenl. Ev. §§ 559, 560. But the practice in England and in the state courts did not enable one party to bring from the possession of the other party, as a matter of course, documents to be used on a trial, nor to compel the latter to disclose whether they were in his hands or under his control. The relief proposed to suitors by that practice was, however, more especially defective in affording no summary sanction to an order to produce papers, which should apply to and affect the cause itself. The act of congress remedies this deficiency, by authorizing a final judgment or a judgment of nonsuit, as the case may require, so that the

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

rights of the party in the suit are made de- pendent on his compliance with the order against him to produce the books or papers. These are stringent conditions, and require from courts a careful consideration of the provisions of the act, before enforcing them. The plain limitation to the right to the inter- position of this court by giving final judg- ment, is, that the application by a party for the production of papers be one which a court of equity would sustain on a bill of discov- ery. The right, in our opinion, rests entirely on that condition.

This motion demands the production of the defendants' books, to establish the quantity and value of the manufactures of machinery made by the defendants, which manufacture is charged in the declaration to be an in- fringement of the plaintiff's patent. The ef- fect of the evidence sought for will be not only to enable the plaintiff to recover his en- tire damages, but its direct consequence will be to subject the defendants to a penalty of three times the amount of those damages, un- der section 14 of the act of July 4, 1836 (5 Stat. 123). We think it against the rules of equity, to allow a bill of discovery in such a case, unless the bill relinquishes all claim to the penalty which may be superinduced by the production and exhibition of the books, and, for that cause, the motion must be denied. 2 Story, Eq. Jur. § 1494; Story, Eq. Pl. § 575, and notes; 2 Daniell, Ch. Pr. 625, 821.