*In re* SHEPHARD.

*(Circuit Court, E. D. New York.   June 9, 1880.)*

1. PRACTICE—SUBPŒNA DUCES TECUM TO PRODUCE PERSONAL PROPERTY —CONTEMPT OF COURT.—A *subpœna duces tecum* can only be used to compel the production of documentary evidence, books, papers, accounts, and the like.

In Equity.

BENEDICT, D. J.   This is an application for an attachment against a witness to punish a contempt in refusing to bring certain "patterns" for a stove, in pursuance of the directions of a writ of *subpœna duces tecum*, issued out of this court and duly served upon the witness. The writ was issued, as of course, from the clerk's office, and without application to the court.

On the part of the witness the point is taken that the court has no power, by a writ of *subpœna duces tecum*, to compel a person to bring to court his property other than documentary evidence, and that the function of a *subpœna duces tecum* is confined to securing the production of documents and books.

The power to issue the writ of subpœna is derived from section 716, U. S. Rev. St., and must be found in the words "all writs which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." Is a writ requiring a person not a party to the suit to attend the court and bring with him certain described patterns of the castings of a stove, in that such patterns may be put in evidence, a writ agreeable to the usages and principles of law?   I have been referred to no case in which the

authority to compel a person not a party to the suit to attend and bring with him property of this description for such a purpose has been declared or contended for; nor has it been shown that such a writ was ever before issued. Mr. Starkie speaks of the *subpœna duces tecum* as a writ wholly to compel the production of instruments and documents. 3 Stark. on Evid. 172. In *Arny* v. *Long*, 9 East. 473, where the power to issue a *subpœna duces tecum* was called in question, the writ is spoken of as used to compel the production of "written testimony," "written evidence," "documents," "papers belonging to them individually," "books and papers," "specified papers and instruments." The writ now under consideration seems, therefore, to be a novelty, not agreeable to any usage of the law, and therefore not within the power conferred by the statute.

This conclusion is strengthened by reference to section 869, U. S. Rev. St., where provision is expressly made for a *duces tecum* to a witness to be examined upon a commission, in pursuance of section 868, and where the writ is expressly confined to the production of "any paper or writing, or written instrument, or book or other document." Inasmuch as it is evident that sections 868 and 869 were intended to auth rize the procuring by means of a commission, when necessary, any evidence that might be procured upon a trial in court, the limitation of these provisions to documentary evidence affords ground for the conclusion that the function of the writ of *subpœna duces tecum* is accurately described in section 869.

The provisions of the statute of this state, where the function of the writ of subpœna is limited to requiring the witness to bring with him "a book or paper," may also be referred to as showing the usage of the law in this respect.

The motion is denied.