LOWENSTEIN and another *v.* CAREY and another.

SCHOOLFIELD and others *v.* SAME.

(*District Court, N. D. Mississippi.* June Term, 1882.)

1. TRIAL—PRACTICE—PRODUCTION OF BOOKS AND WRITINGS.

The party requiring the production of books or writings should move for a rule requiring their production, describing the books or papers with sufficient certainty, and should state to the best of his knowledge, information, and belief that the books or papers called for will tend to prove the issue in his favor. The motion should further state the facts which the books will prove pertinent to the issue. The truth of the allegations stated in the motion should be verified by the affidavit of the mover or his agent, and the materiality of the testimony sought be certified to by counsel of the mover.

2. SAME—NOTICE REQUIRED.

Notice must be given the party required to produce the books or writings, or his attorney, in sufficient time for the party to appear and show cause why the rule should not be made, and if issue is made on the motion the court may grant or refuse the rule according to the proof.

3. SAME—PENALTY.

Where the inconvenience and expense attending the production of books and papers is very great, and where the sworn copy of the entries from the books is given, or proposed to be given, a very strong case of the necessity for their production should be made, to compel their production or be subjected to the penalty.

HILL, D. J. The question now for decision arises upon the motion of plaintiffs against the claimants to produce upon the trial of this issue the books, papers, correspondence, and documents in their possession or under their control relating to the dealings between them and the defendants, Carey & Richardson. This motion is resisted by the claimants, and the question is, shall the motion be sustained and the rule made? This motion is made under section 724, Rev. St., which reads as follows:

"In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceedings in chancery. If a plaintiff fails to comply with such order, the court may on motion give judgment as in case of nonsuit, and if a defendant fails to comply with such order, the court may on motion give judgment against him as by default."

The proper practice under this statute is for the party requiring the production of such books or writings to spread on the motion docket a motion for a rule upon the opposite party requiring the production of the books or papers desired. The motion should describe the books or papers with as much certainty as may be, and should further state that, according to the best of the mover's knowledge or information and belief, the books or papers called for will tend to prove the issue in favor of the mover. The motion should further state some fact or facts which the books or papers will tend to prove, pertinent to the issue, which issue should be made up before the motion is made, so that the court may determine the pertinency of the fact or facts which it is alleged the books or papers will tend to prove. What they will prove can only be determined after their production.

The truth of the allegations stated in the motion should be verified by the affidavit of the mover, or his agent, and the materiality of the testimony sought by the production of the books or papers certified to by the counsel of the mover. Notice must be given the party required to produce the books or writings, or his attorney, a sufficient length of time for the party to appear and show cause, if any he has, why the rule shall not be made, when he may, in opposition to the rule, show by affidavit that he has no such books or papers under his control, or any other reason he may have why the rule shall not be made. If any issue is made upon the motion the court will hear proof, and grant or refuse the rule according to the proof and nature of the case.

The claimants insist that this motion comes too late. The issue could not well have been tried until after the attachment suit was tried and the judgment rendered against the defendants in the attachment suits. Indeed, the issues have not been made up. I am satisfied the motion is in time, but the grounds stated in the motion are not as full and specific as they should be. The movers will have leave to amend the motion so as to conform to the rule stated, when sufficient time will be allowed the claimants to answer the motion,

after which the court will make such rule as may be required, to the end that a fair trial may be had with as little expense and inconvenience as may be to either party. As a general rule, the production of correspondence and other papers can be complied with without much inconvenience or expense. More expense is incurred in the production of books, but the inconvenience is small unless they are in daily or frequent use; but where they are in such use the inconvenience is often very great, and where a sworn copy of the entries from the books is given, or proposed to be given, a very strong case of the necessity of the production of the books themselves should be made to compel their production, or to subject the delinquent to the penalty prescribed.

## NOTE.

PRODUCTION OF BOOKS OR WRITINGS. Section 724, Rev. St., limits the remedy to cases where issue is joined.(*a*) It does not take away the right to relief by bill of discovery except where the remedy is given.(*b*) Its provisions extend to proceedings *in rem* to enforce a forfeiture,(*c*) and to cases in bankruptcy.(*d*) The order can be made only in cases where relief might have been had by bill of discovery;(*e*) and that a bill of discovery has been filed is no bar to the motion;(*f*) nor that a copy of the paper has been filed in answer to the bill of discovery,(*g*) unless the discovery has been completely effectual;(*h*) but it does not apply in a case where a subpœna *duces tecum* issues to compel a witness to produce papers.(*i*) In requiring the production of books or writings in evidence, federal courts are governed by this section, and not by the provisions of state statutes.(*j*) The formalities of a bill of discovery are not requisite; a mere motion with notice to the opposite party, and a description of the books or papers with sufficient certainty, is sufficient;(*k*) and where letters are described by their subject-matter it is sufficiently explicit.(*l*) The applicant must show that the paper exists; that it is in possession of the party, and that it is pertinent to the issue.(*m*) An *ex parte* affidavit is sufficient;(*n*) a motion is requisite;(*o*) and it may be made before the day of trial;(*p*) and notice to the party required to produce the books or writings must be given;(*q*) and it must contain information that a motion will be made for a nonsuit, or

(*a*) Jacques v. Collins, 2 Blatchf. 23; U. S. v. Hutton, 25 Int. Rev. Rec. 37.

(*b*) U. S. v. Hutton, 25 Int. Rev. Rec. 37; Bryant v Layland, 6 Fed. Rep. 127.

(*c*) U. S. v. Barrels, 10 Int. Rev. Rec. 205. But see U. S. v. Packages, Gilp. 306.

(*d*) In re Mendenhall, 9 Bank. Reg. 285

(*e*) Finch v. Rikeman, 2 Blatchf. 301.

(*f*) Iasigi v. Brown, 1 Curt. 401.

(*g*) Iasigi v. Brown, 1 Curt. 401.

(*h*) Iasigi v. Brown, 1 Curt. 401.

(*i*) U. S. v. Babcock, 3 Dill. 566; Merchants' Nat. Bank v. State Nat. Bank, 3 Cliff. 201.

(*j*) Gregory v. Chicago, M. & St. P. R. Co. 10 Fed. Rep. 529.

(*k*) Jacques v. Collins, 2 Blatchf. 23.

(*l*) Vasse v. Mifflin, 4 Wash. C. C. 519.

(*m*) Triplett v. Bank of Washington, 3 Cranch, C. C. 646; Jacques v. Collins, 2 Blatchf. 23; Iasigi v. Brown, 1 Curt. 401; Bas v. Steele, 3 Wash. C. C. 381.

(*n*) U. S. v. Packages, Gilp. 306.

(*o*) Thompson v. Selden, 20 How. 194; Maye v. Carbery, 2 Cranch, C. C. 336; Bank of U. S. v. Kurtz, Id. 342; Macomber v. Clarke, 3 Cranch, C. C. 347; Bas v Steele, 3 Wash. C. C. 381.

(*p*) Central Bank v. Taylor, 2 Cranch, C. C. 427; Iasigi v. Brown, 1 Curt. 401.

(*q*) Maye v. Carbery, 2 Cranch, C. C. 336; Thompson v. Selden, 20 How. 194; Bas v. Steele, 3 Wash. C. C. 381.

for judgment by default.(r) It may be given to the party or to his attorney,(s) and must be reasonable;(t) for an order will not be made at the trial on motion without notice.(u) If not reasonable the trial may be postponed to give the party an opportunity to procure the evidence.(v)

The power to grant the motion is discretionary, but should be firmly exercised in a proper case.(w) The court may at once either refuse the motion or make the rule absolute,(x) and where an intent to conceal or destroy the books or papers is shown, the order should be made without delay, and absolute; but if there is no suggestion of fraudulent intent, and the evidence as to their pertinency is not satisfactory, the order nisi should be made.(y) The order need not be absolute, but may leave the party to show cause at the trial.(a) Where the motion is made before trial, the order must require the production of the books at the trial,(b) and it may require him to produce them and leave them with the clerk, or furnish copies to the adverse party;(c) but the word "require" does not include the power to compel compliance;(d) as the penalty for a failure to produce a paper is nonsuit or default,(e) and a motion for non pros. for failing to produce may be made even after the jury is sworn.(f) A party cannot be compelled to produce a paper which would subject him to a penalty or a forfeiture.(g)

The order must be served a reasonable time before the production of the paper is required.(h) It is premature before the jury are sworn and the trial commenced for either party to call upon the other to produce a paper which he has received notice to produce on the trial;(i) he has no right to examine them before trial to discover if there is in them anything pertinent to the issue;(j) but the books must be produced at the trial or an excuse given under oath for not producing them;(k) so, he may make oath that they are not in his possession;(l) and such oath may be met by contrary proof.(m) If the omission to produce the books arose from oversight, the case may be postponed to allow time to procure the affidavit of the party.(n) If by affidavit he explains how the paper came into his possession, the court may order the affidavit put in evidence with the paper.(o) If a party inspects a book after its production, it may be used as evidence by the adverse party.(p) After removal of a cause from a state court the circuit court should enforce an order made in the state court for the production of books or papers.(q)—[Ed.

(r) Bas v. Steele, 3 Wash. C. C. 381.

(s) Geyger v. Geyger, 2 Dall. 332; U. S. v. Barrels, 10 Int. Rev. Rec. 205.

(t) Macomber v. Clarke, 3 Cranch, C. C. 347.

(u) Sampson v. Johnson, 2 Cranch, C. C. 107; Bank of U. S. v. Kurtz, Id. 342.

(v) Geyger v. Geyger, 2 Dall. 332; Bank of U. S. v. Kurtz, 2 Cranch, C. C. 342.

(w) Merchants' Nat. Bank v. State Nat. Bank, 3 Cliff. 201.

(x) Dunham v. Riley, 4 Wash. C. C. 126.

(y) Merchants' Nat. Bank v. State Nat. Bank, 3 Cliff. 201.

(a) Merchants' Nat. Bank v. State Nat. Bank, 3 Cliff. 201; Iasigi v. Brown, 1 Curt. 401; Dunham v. Riley, 4 Wash. C. C. 126.

(b) Merchants' Nat. Bank v. State Nat. Bank, 3 Cliff. 201; Iasigi v. Brown, 1 Curt. 401. But see Central Bank v. Taylor, 2 Cranch, C. C. 427.

(c) Jacques v. Collins, 2 Blatchf. 23.

(d) Merchants' Nat. Bank v. State Nat. Bank, 3 Cliff. 201.

(e) Iasigi v. Brown, 1 Curt. 401.

(f) Wallar v. Stewart, 4 Cranch, C. C. 532.

(g) Finch v. Rikeman, 2 Blatchf. 301; U. S. v. Packages, Gilp. 306.

(h) Macomber v. Clarke, 3 Cranch, C. C. 347.

(i) Hylton v. Brown, 1 Wash. C. C. 298.

(j) Triplett v. Bank of Washington, 3 Cranch, C. C. 646.

(k) U. S. v. Barrels, 10 Int. Rev. Rec. 205.

(l) U. S. v. Packages, Gilp. 306; Macomber v. Clarke, 3 Cranch, C. C. 347.

(m) Bas v. Steele, 3 Wash. C. C. 381.

(n) U. S. v. Barrels, 10 Int. Rev. Rec. 205.

(o) Bank of U. S. v. Wilson, 3 Cranch, C. C. 213.

(p) Wallar v. Stewart, 4 Cranch, C. C. 532.

(q) Williams Mower Co. v. Raynor, 7 Biss. 245.