TOPLITZ and others *v.* MILLER and others, and Thirty Other Cases.

*(Circuit Court, S. D. New York.*　November 1, 1887.)

COURTS—FEDERAL CIRCUIT COURTS—PRACTICE—CALENDAR.
　　The rule of October 1, 1887, for the government of the calendar of the circuit court for the Southern district of New York, provides that cases must be tried when reached in their regular order according to date of issue and place on the calendar. *Held*, on motion to stay the trial of certain cases for the term, on the ground that a case pending in the supreme court involved the same issues, that the rule would not be departed from where the affidavit for the purposes of the motion filed by the defense denied the identity of the issues.

, Actions to Recover Excess of Duties Paid under Protest. On motions to stay trials for the term.

*Stanley, Clark & Smith* and *Hugh J. Begly*, for complainants.

*Stephen A. Walker*, U. S. Atty., and *Wm. Wickham Smith*, Asst. U. S. Atty., for defendants.

LACOMBE, J. Motions are made by the plaintiffs in these several cases for orders staying the trial of these cases for the present term. The single ground upon which these motions are made is that "plaintiffs' counsel, from an examination of the papers, and from statements made by plaintiffs' attorneys and others, including some of the plaintiffs, is satis-

---

fied and verily believes that the same issue is presented in these cases as in the suit of *Vietor* v. *Arthur*, now pending in the supreme court;" the question involved in said last-mentioned suit being in respect to "caps, gloves, leggins, mitts, socks, stockings, woven shirts and drawers, and similar articles made on frames and worn by men, women, and children." The district attorney contends, however, that the issues in these several cases are not identical with those presented in *Vietor* v. *Arthur*. He submits an affidavit in which it is stated that, in four of the cases, some portion of the plaintiffs' claim is based upon goods composed, in part, of silks; that in more than ten of the cases the sufficiency of the preliminary step taken by the various plaintiffs is questioned; that in four of the cases, in which a commission has been issued to take testimony in Scotland, the goods upon which the plaintiffs' claim is based are Scotch caps, which, it is claimed, were knit by hand or woven in looms, and not made on frames; that in six other cases the goods are caps made in a like manner to those last referred to; and, finally, that, irrespective of any question of classification of the goods, the sufficiency of the steps necessary to be taken by the plaintiffs in order to maintain their suit is in every instance questioned by the defendants.

This court will not try the subsidiary question whether the issues in these cases are identical with those in another case, upon affidavits, and in advance of the trial. The facts upon which the motion is made being in dispute, no sufficient cause is shown for modifying the rule laid down on October 1, 1887, for the government of this calendar, namely, that cases must be tried when reached in their regular order according to date of issue and place on the calendar.