## HENRY *v.* TRAVELERS' INS. CO.

*(Circuit Court, D. Colorado. May 16, 1888.)*

1. EQUITY—PRACTICE—BOOKS AND PAPERS—RECORDS OF CORPORATION NOT A PARTY.

    The court will not grant a motion to compel the opening of the records of a corporation not a party to the suit, but whose records it is claimed would disclose something of importance to the litigation.

2. SET-OFF AND COUNTER-CLAIM—JUDGMENTS FOR COSTS.

    Where A. has judgment for costs against B., and B. has a like judgment in another case against A., one may be equitably set off against the other *pro tanto;* particularly where one of the parties is insolvent.

In Equity. On motions.

*Wolcott & Vaile,* for complainant.

*J. P. Brockway* and *Patterson & Thomas,* for defendant.

BREWER, J. In *Henry* v. *Insurance Co.* are two or three motions which were, partially at least, submitted to me during the vacation. One is a motion to compel the opening of certain records of a corporation not a party to the suit, but whose records it is claimed would disclose something of importance to the litigation. I overruled that motion temporarily during vacation, and after hearing fuller statements of counsel the other day, I am strengthened in the opinion that I then had, not merely by the fact that this is the record of an independent corporation not a party to this suit, but also by the fact of the manner in which this title has passed from one to another, and has finally come to be in the corporation. That motion will remain overruled as heretofore. In reference to the costs, there being an interlocutory decree in favor of complainant for costs up to date, the draft of the decree prepared by each counsel containing the same provision, I accepted that prepared by the complainant, and after making some changes, signed it. It would be an extreme case that would call upon the court to change a decree thus prepared and entered, and I see no reason why it should be changed. The complainant is entitled to the payment of his costs. The second motion in reference to those costs is that there be ordered an equitable set-off of costs adjudged in another case between the same parties. The matter of set-off depends upon purely equitable principles, and I do not see any reason why it is not equitable that there should be such a set-off. If A. has a judgment in his favor against B., and B. has a judgment in his favor against A., there is no wrong in setting off one against the other *pro tanto.* If each party is solvent, of course it makes no difference, and if one is not, the equitable reasons for the set-off are only stronger. The motion, therefore, in respect to that set-off *pro tanto* is sustained. The third motion is in reference to some garnishee proceedings. I do not think a judgment for costs can be subjected to such garnishee proceedings, and that motion will be overruled.