EDISON ELECTRIC LIGHT CO. *v.* UNITED STATES ELECTRIC LIGHTING CO.

(*Circuit Court, S. D. New York.* January 5, 1891.)

1. PATENTS FOR INVENTIONS—FILING APPLICATION—PRIVILEGED COMMUNICATIONS.
   Rev. St. U. S. § 4902, requiring all applications for patents to be filed in the patent-office declares that "all applications interfering with *caveats*" shall be deposited in the confidential archives, and makes them privileged, and amounts to an implied declaration that all other applications shall not be privileged.

2. SAME—PRODUCTION OF PAPERS—SUBPŒNA DUCES TECUM.
   Defendant, in an action for infringement of a patent, claimed that complainant, in a divisional application upon which letters patent were never issued, made admissions which greatly restrict the claim of the patent in suit, and, a foundation for secondary evidence being laid, sought to compel complainant to bring into court a copy thereof, which was in its possession. *Held,* that a *subpœna duces tecum* was the proper method when the paper was identified by a specific description.

3. SAME—COPY OF PAPER—PRIVILEGED COMMUNICATIONS.
   The fact that the copy had upon it various memoranda not in the original, indicating changes for subsequent amendments, which were the results of communications between counsel and client, did not render the paper privileged when com-

plainant itself had communicated it to the patent-office, thus rendering it no longer a communication solely between attorney and client.

4. SAME.

The fact that the paper contained admissions restricting the claims of complainant's patent does not make it evidence by which he may support his case, and therefore excuse him from disclosing it, but, on the contrary, shows it to be evidence tending to impeach or destroy his case, and which he may be compelled to disclose.

5. PRACTICE—FAILURE TO OFFER PAPER PRODUCED—INTRODUCTION BY ADVERSARY.

When a party inspects a document which he has compelled his adversary to produce by *subpœna duces tecum*, and afterwards fails to offer it, his adversary may put it in evidence.

In Equity.

After the former hearing (see 44 Fed. Rep. 294) the following additional memorandum was filed by LACOMBE, J.:

"The documents called for by the subpœnas have now been brought into court. In excuse for not delivering them to the examiner it was urged that some further objection to their presentation in evidence is to be made, which counsel thought should be made not before the examiner, who sits without power to rule upon objections, but before the court. The motion to punish for contempt is therefore denied. The papers are delivered to the examiner. When any one of them is called for by the defendant, if objection to its exhibition is made by counsel for complainant, the examiner will certify the objection to the court and send therewith the document itself. Thereupon the court will rule upon the objection."

The case now comes up for hearing upon an objection certified by the examiner.

*C. A. Seward* and *Grosvenor Lowery*, for complainant.

(1) The case does not require or justify enforced disclosures of private papers. *Storey* v. *Lennox*, 1 Keen, 349, 350; *Bischoffsheim* v. *Brown*, 24 Blatchf. 174, 29 Fed. Rep. 341; Bisp. Eq. (4th Ed.) §§ 559, 561; *Marie* v. *Garrison*, Daily Reg. April 25, 1884; 2 Daniell, Ch. Pr. p. 1818; Whart. Ev. § 754; *Bolton* v. *Liverpool*, 1 Mylne & K. 88; Pom. Eq. Jur. § 201; Peile, Disc. 33-41; *Benbow* v. *Low*, 16 Ch. Div. 93; *Hoyt* v. *Bank*, 1 Duer, 656.

(2) Sufficient grounds have not been laid to entitle defendant to inspection. *Leggett* v. *Postley*, 2 Paige, 599; *Scott* v. *Walker*, 2 El. & Bl. 562; *Boyd* v. *U. S.*, 116 U. S. 616, 6 Sup. Ct. Rep. 524; *Cousins* v. *Smith*, 13 Ves. 542; *Wadeer* v. *East India Co.*, 35 Eng. Law & Eq. 283; *Wallis* v. *Duke of Portland*, 3 Ves. 494.

(3) Discovery would be contrary to public policy. *Wadeer* v. *East India Co.*, 35 Eng. Law & Eq. 283; Cooley, Const. Lim. (6th Ed.) p. 371; *U. S.* v. *Commissioner of Patents*, Sup. Ct. D. C. June 23, 1890, (MS.)

(4) Inspection of one document will make the entire series evidence. *Jordan* v. *Wilkins*, 2 Wash. C. C. 482; *Wallar* v. *Stewart*, 4 Cranch, C. C. 532; *Lawrence* v. *Van Horne*, 1 Caines, 285; 1 Thomp. Trials, § 829; 1 Whart. Ev. § 156; Steph. Dig. Ev. Chase Notes, 240; Tayl. Ev. § 1614; *Calvert* v. *Flower*, 7 Car. &. P. 386; *Wilson* v. *Bowie*, 1 Car. & P. 8; *Richards* v. *Frankum*, 9 Car. & P. 221; *Boom Corp.* v. *Lamson*, 16 Me. 224; *Randel* v. *Canal Co.*, 1 Har. (Del.) 233; *Ellison* v. *Cruser*, 40 N. J. Law, 444, 445; *Com.* v. *Davidson*, 1 Cush. 45; *Pennell* v. *Meyer*, 8 Car. & P. 470.

*E. Wetmore* and *S. A. Duncan*, for defendant, cited:

3 Greenl. Ev. § 293; Whart. Ev. § 954; *Giant Powder Co.* v. *California Vigorit Powder Co.*, 4 Fed. Rep. 720; *Chicago* v. *Sheldon*, 9 Wall. 50; Rev. St. U. S. §§ 858, 892; Starkie, Ev. (9th Ed.) 113; *Mitchell's Case*, 12 Abb. Pr. 249; *Blease* v. *Garlington*, 92 U. S. 1; *Bischoffsheim* v. *Brown*, 29 Fed. Rep. 341.

LACOMBE, Circuit Judge. This case now comes before the court upon an objection certified by the examiner. It is unnecessary to recite the facts already set forth in the decision of October 18th and memorandum of November 24th. Subsequently thereto, both parties being before the examiner, the defendant's counsel demanded that complainant produce, for the examination of defendant's counsel and for use as evidence if defendant be so advised, the full text of the divisional application made by Thomas A. Edison, December 15, 1880, being one of the papers covered by the *subpœna duces tecum* heretofore served upon the officers of the company. The paper being placed in the examiner's hands, complainant's counsel object to its being handed to or inspected by defendant's counsel, upon three grounds: (1) Because the production and delivery of the papers for the purpose specified cannot lawfully be compelled. (2) Unless defendant's counsel will set forth that he intends to offer the papers in evidence when produced. (3) Unless defendant's counsel will also set forth that he intends to offer in evidence all the other papers connected with the said application. The particular paper is not the original divisional application, but it has been proved to be a copy thereof by complainant's own witness, and is competent as secondary evidence if the case would warrant the production and admission of the original. The copy bears various pencil memoranda, apparently not on the original, indicating changes for subsequent amendments. They were made by counsel and would, for that reason, be privileged were it not that it appears from examination of the other papers in the box that they have all been communicated to the patent-office, and are therefore no longer solely communications between counsel and client. The various objections now urged have been already passed upon. Inasmuch, however, as complainant's counsel insist that an adverse decision will seriously affect not this case only, but also what they claim to be well-settled rules of evidence in similar cases, careful consideration has been given to their exhaustive brief and the entire subject re-examined. The conclusion heretofore reached remains unchanged.

The authorities cited by the complainant do not go to the extent of holding that it is only by bill of discovery or similar method that some particular piece of documentary evidence is to be obtained. No doubt when it is brought into court, the objection that "it is against conscience and the spirit of Anglo-Saxon laws and liberty" to permit its inspection by the other side, or its introduction in evidence, may be urged, as it has been in this case, before the document is exhibited to any one but the court. But that the process of *subpœna duces tecum* is a convenient, efficient, and proper method for bringing the paper into court is beyond dispute in this circuit. *Bischoffsheim* v. *Brown*, 29 Fed. Rep. 341. The fundamental difficulty with the complainant's argument arises from an apparent misconception of the precise point raised under the subpœna; a misconception no doubt promoted and encouraged by the singular persistency with which the defendant's counsel have sought to obtain not merely the document itself, but permission to have a copy of it made for their own use.

The subpœna (so far as the present objection is concerned) is specific. In this respect the case at bar differs from those cited by complainant's counsel. The defendant is not "claiming the right to a general inquisitorial examination of all the books, papers, and documents of his adversary, with the view to ascertain if perchance something may be found which will possibly aid it;" nor is it asking "before the hearing to pry into the case of its adversary," nor "to see in advance of the trial evidence which the other side are going to produce," nor "calling upon its adversary to exhibit for inspection anything and everything in writing under the latter's control, which may assist the defendant," nor is this an "unnecessary inquisition into the contents of private papers by one who has no interest in them." No "complete disclosure of everything the complainant knows or believes in relation to the matter in question" is sought for, nor is this a "general fishing excursion." A particular document, whose existence is well known to both parties, and in fact to the general public, is specifically called for. It is described with a fullness (by date, description, and serial number) which leaves no doubt as to its identity. No doubt it is in the complainant's possession, but the authorities do not go to the length of holding that the mere circumstance of possession by his adversary will preclude a party from bringing into court and putting in evidence a document which may damage that adversary's case, but which he is able himself to identify and call for without invoking the aid of his adversary's conscience by means of a bill of discovery.

Nor, if the document called for contains what the defendant insists it does, would it be any part of his adversary's case, nor within the rule as to title-deeds laid down in some of the cases cited. It would be a separate document, containing admissions material to defendant's case. "A party can be compelled to disclose all facts which would, by way of evidence, tend to impeach or destroy his case, unless otherwise privileged, since such facts are material evidence for his adversary, but is not bound to disclose any evidence by which he intends to or may support his case, for such evidence cannot be material to [his adversary.]" Pom. Eq. Jur. § 201.

The objection that the application is privileged upon grounds of public policy, because it is an application pending in the patent-office, was considered when this case was up on the motion to compel obedience to the subpœna. The opinion of the supreme court of the District of Columbia was at that time before the court, and also the quotation from Cooley's Constitutional Limitations, as to communications made to a telegraph operator. The latter citation refers to a case not analogous to this, for surely no one contends that a party who has sent a telegraphic message may not in a proper case be himself interrogated as to its contents, and required to produce a copy, if he has one, although the operator may not be allowed to disclose it. To the memorandum filed upon the decision of the prior motion there is nothing to add. Regulations as to what classes of *quasi* public documents shall or shall not be privileged may appropriately be made by the legislative branch of the government, which passes the statutes, under the operation of which those very doc-

uments are created. Whether, when it has failed to make any such provisions, it may be desirable for the courts to do so is not the question presented here, because in this case there has been no such failure. Congress, in the very statute which required inventors to file applications in the patent-office, expressly provided that all applications interfering with *caveats* should be deposited in the confidential archives, and be therefore privileged. Rev. St. § 4902. If *all* applications were thus privileged, this provision would have been unnecessary, and the fact of its enactment seems to indicate quite clearly that congress, having the whole subject under advisement, determined that it would extend the privilege to the particular class of applications therein specified, and, inferentially, only to them. The subject having been thus regulated, and the question of "public policy" determined by those to whom such regulation and determination more appropriately belong, further investigation thereof by the courts seems to be uncalled for.

The objection to the materiality of the document called for was considered generally on the former motion. It has now been inspected by the court, and as the result of such inspection it is enough to say that it is sufficiently germane to the issues raised in this case to warrant its offer in proof, so that it may form part of the record, (either as admitted or excluded evidence,) which is to go to the supreme court. *Blease* v. *Garlington*, 92 U. S. 1. If offered, therefore, it will be admitted, but the objection to such admission will be reserved for disposition upon final hearing by the judge, whose familiarity with the whole case will enable him to render an intelligent decision. The defendant is asking for leave to inspect the document before offering it in evidence. As to the effect of inspection the contention of the complainant is sustained by the authorities. If a party inspect a document produced by his adversary in response to a *subpœna duces tecum* issued by him, such document may be admitted as evidence for his adversary if he himself declines to put it in. *Jordan* v. *Wilkins*, 2 Wash. C. C. 482; *Wallar* v. *Stewart*, 4 Cranch, C. C. 532. As counsel for both sides seem to be agreed upon the point that exhibition of the fundamental document (the application) carries exhibition of the other papers, viz., the correspondence between the patent-office and the Edison Company, in relation to said application, the same disposition will be made as to each one of them when separately called for.