KIRKPATRICK v. POPE MANUF'G CO.

(Circuit Court, D. Connecticut. April 14, 1894.)

No. 398.

PRACTICE—PRODUCTION OF BOOKS IN ACTIONS AT LAW—WHEN PROPER.

In an action against a corporation to recover royalties, defendant answered that it had sold its business and assets to another corporation of the same name, and that the returns made by the latter as to the num-

ber of patented articles manufactured were erroneous. Plaintiff replied that the two corporations were practically identical, and that the returns were signed by defendant's officers, and were correct. To substantiate these latter allegations, plaintiff moved that defendant be required, under Rev. St. § 724, to produce its records, and accounts of sales. By the contract for royalties these accounts were to be open to plaintiff's inspection. *Held,* that the case was a proper one for the application of this remedy, and that a subpoena duces tecum would not be adequate.

This is an action brought by Thomas J. Kirkpatrick against the Pope Manufacturing Company to recover royalties. Heard on motion to compel defendant to produce its records and accounts.

Benjamin Barker, Jr., and Kerr & Curtis, for plaintiff.
Gross, Hyde & Shipman and W. A. Redding, for defendant.

TOWNSEND, District Judge. This is a motion to require the defendant to produce at the trial of an action at law certain books and papers, under the provisions of section 724, Rev. St. U. S., which is as follows:

"In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant as in cases of nonsuit; and if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default."

The action is brought to recover royalties on certain patented bicycle saddles, alleged to be due to plaintiff under a certain agreement. The answer alleges, among other defenses, that the defendant corporation has sold its business and assets to a corporation of the same name, organized under the laws of the state of Maine; and that, since 1887, it has not manufactured any saddles embodying said patented invention; that the royalty returns for subsequent years were made by said Maine corporation, as the successor of the defendant; and that the number of saddles manufactured was erroneously stated therein. The plaintiff avers in reply that the two corporations are substantially the same; that the alleged change was merely nominal, and did not affect the respective rights and obligations of the parties; that said returns were signed and forwarded to plaintiff by defendant's officers; and that said machines were constructed under the authority of defendant, which is liable for the royalty thereon; and that said returns are correct and true. The motion is predicated upon the claim that the production of the books and papers therein named will tend to prove the practical identity of the two corporations. It is addressed to the discretion of the court, which is to be governed by the practice in such cases in chancery. Gregory v. Railroad Co., 10 Fed. 529. The authority should be exercised only in cases where the relief might have been had by a bill of discovery, and as a substitute for that proceeding. Finch v. Rikeman, 2 Blatchf. 301, Fed. Cas. No. 4,788. By such bill a complainant would be entitled to a discovery as to such matters of fact as are material to the prosecution of the whole of his case.

Bisp. Eq. p. 594, § 560; Daniell, Ch. Pr. p. 1817; Downie v. Nettleton, 61 Conn. 593, 24 Atl. 977. And this may include such facts as would tend to impeach or destroy defendant's case. Pom. Eq. Jur. § 201; Edison Electric Light Co. v. U. S. Electric Lighting Co., 45 Fed. 58. The motion calls for the production of the records of the defendant corporation, and of its accounts of sales of saddles during the period covered by the controversy, for the purpose of proving the practical identity of the two corporations. The contract, whose alleged breach forms the basis of the action, provided that said accounts should be open to the inspection of plaintiff. It seems to me that both the records and accounts relate to the plaintiff's title, and are material to his case. Clearly they do not relate solely to the defendant's case. Story, Eq. Pl. p. 281, § 311. The records may be material to support the plaintiff's claim that the defendant, either as principal or agent, constructed said machines; to show the character and extent of its interest in such construction; and that the defendant, and no other party, is liable under said contract. The plaintiff is entitled, to the specific performance of the contract, that he should be permitted to inspect the accounts. They are presumably material, not merely upon his assertion that the returns are correct as to the number of machines constructed, but to show whether they support the returns made, and whether the saddles therein referred to did or did not contain said patented invention.

It is suggested that the rights of the plaintiff will be sufficiently protected by a notice to produce, or a subpoena duces tecum. But a notice to produce does not compel a party to produce the document. The effect of the refusal is merely to lay the foundation for the introduction of secondary evidence of the contents of the papers called for. Iasigi v. Brown, 1 Curt. 401, Fed. Cas. No. 6,993; Life & Fire Ins. Co. v. Mechanic Fire Ins. Co., 7 Wend. 31, 34; Merchants' Nat. Bank v. State Nat. Bank, 3 Cliff. 201, Fed. Cas. No. 9,448. Manifestly this would not avail the plaintiff. "That the process of subpoena duces tecum is a convenient, efficient, and proper method for bringing the paper into court is beyond dispute in this circuit." Judge Lacombe, in Edison Electric Light Co. v. U. S. Electric Lighting Co., 45 Fed. 59; Id., 44 Fed. 294. And its sufficiency has been shown, and its use further approved, in the following cases: In re Shephard, 3 Fed. 12; Bischoffsheim v. Brown, 29 Fed. 341; Johnson Steel Street-Rail Co. v. North Branch Steel Co., 48 Fed. 191, 195. But an examination of the foregoing cases shows that they are all suits in equity. In actions at law, proceedings for obtaining inspection of documents on the trial are regulated by section 724 of the Revised Statutes. Fost. Fed. Pr. §§ 267, 372; Bischoffsheim v. Brown, supra; Jacques v. Collins, 2 Blatchf. 23, Fed. Cas. No. 7,167; Coit v. Amalgamating Co., 9 Fed. 577; Gregory v. Railroad Co., supra; Lowenstein v. Carey, 12 Fed. 811; Colgate v. Compagnie Francaise, etc., 23 Fed. 83; Guyot v. Hilton, 32 Fed. 744. The Connecticut statute (St. 1889, c. 22) contains a similar provision. While the fact that congress, and the legislature of this state have enacted such laws suggests the inadequacy of previously existing provisions, and presents a forcible argument in favor of their necessity, the defendant should not be

required to proceed under the state statute, because its provisions cannot be enforced, when it is otherwise provided by the statutes of the United States. Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724; Myers v. Cunningham, 44 Fed. 347; Anderson v. Mackay, 46 Fed. 105. In Johnson Steel Street-Rail Co. v. North Branch Steel Co., supra, it was held that the president of a corporation, which is a party to a suit in equity, might be compelled, by subpoena duces tecum, to produce drawings material to the issue. The reasoning of the court in Wertheim v. Trust Co., 15 Fed. 716, suggests the limitation of the use of said subpoena to compel the production of the books by an officer, where the corporation is not a party. In view of the possible uncertainty upon this point, and as to what officer of the defendant corporation would be in possession of the papers called for, where the question of the identity of the corporation is involved, I am not satisfied that a subpoena duces tecum would be sufficient under the circumstances of this case.

Inasmuch as a notice to produce is not a safe and adequate remedy, and there is danger of delay upon the trial in case the papers should not be produced, and the present motion is the statutory and usual proceeding, and the affidavits in support thereof allege that the documents therein specified are material to the plaintiff's case, and the determination of this question may be reserved until after examination by the court, I think the motion should be granted.

Let an order be entered accordingly.