### In re HORGAN et al.

(District Court, S. D. New York. October 5, 1899.)

BANKRUPTCY—EXAMINATIONS—BOOKS OF CORPORATION NOT A PARTY.

Two partners, after failing in business, organized a corporation for the prosecution of the same business, composed of themselves, their wives, and one other. The wives held substantially all of the stock, but contributed no value therefor, while the husbands were the officers of the corporation, managed its business, and drew the money earned, the other stockholders receiving nothing. The partnership, as such, being adjudged bankrupt on the voluntary petition of the former partners, and their creditors claiming the right to examine the books of the corporation, *held*, that the circumstances indicated that the corporation was a mere fiction, and that its assets were really assets of the bankrupts, and therefore the books must be submitted for examination, so far as to ascertain what debts were owing to the corporation at the time of the adjudication in bankruptcy.

In Bankruptcy. On certificate of referee.

On August 3, 1899, a voluntary petition in bankruptcy was filed in this court by the firm of Horgan & Slattery, composed of the two partners Arthur J. Horgan and Vincent J. Slattery, and the firm and its members were on that day duly adjudged bankrupts, and the case was referred to Stanley W. Dexter, Esq., referee in bankruptcy. As bearing on the present question in the case, the referee certified that the following facts appeared in the proceedings had before him: The partnership, composed of Horgan and Slattery, as above mentioned, was formed for the purpose of carrying on the business of architects and builders, but failed in 1894, with liabilities then amounting to about $190,000. Thereafter, for several years, the partners continued in the same business, either under the name of a corporation called the "Horgan & Slattery Company," or in the names of their wives, in both cases drawing to their own use the entire net proceeds of the business. In 1898, a corporation was formed, for the practice of architecture as a profession, called "Horgan & Slattery." It was composed of Horgan and his wife, Slattery and his wife, and one James Slattery. Its capital was divided into 1,000 shares of $10 each. Of these, Horgan, Slattery, and James Slattery each held one share, and the remaining 997 shares were in the names of the wife of Horgan and the wife of Slattery. The stated consideration for the issue of this stock to the wives was the conveyance by them to the corporation of the equity of redemption in a certain property; but no money was realized by the corporation on this transaction, and it was doubtful whether the property so conveyed was ever of any value, inasmuch as, when the mortgage was thereafter foreclosed, no surplus was realized on the foreclosure sale. Horgan and the two Slatterys each paid $10 in cash for his one share of stock. Horgan was president of the corporation, and Vincent J. Slattery, the other bankrupt, its secretary and treasurer, and they acted as its directors and had entire control of the management of its business and affairs. Since the formation of this corporation, Horgan and Slattery had each drawn from it, in the way of salary and advances, about $10,000, and the other stockholders had never received any dividends.

At the first meeting of creditors, the referee made an order requiring the production of the books of the corporation; and thereafter, on the examination of the bankrupt, Horgan. at the instance of certain of the creditors, in compliance with the said order, he produced a book which he identified under oath as the ledger of the corporation of "Horgan & Slattery," and stated that it contained all the accounts of that corporation. Counsel for the examining creditors then demanded that the book should be placed in his hands for the purposes of an examination, and the referee so ordered. But the bankrupt, under advice of his counsel, refused to deliver up the ledger, whereupon the referee adjudged him to be in contempt, and certified the facts to the judge.

Adams & Hyde, for bankrupts.
Herbert J. Hindes, for examining creditors.

BROWN, District Judge. The examination of the books should be allowed and made, so far as to ascertain what sums if any were owing to the Horgan & Slattery corporation at the time of the adjudication, because the circumstances already in evidence justify the court in treating the corporation as a mere fiction, and the sums due to it as assets of the bankrupts.

It would be intolerable if the discovery of assets in bankruptcy were to be embarrassed and delayed by mere transparent and fictitious devices to shield property from creditors.

If the corporation were apparently a bona fide outside concern wholly distinct from the bankrupts' interests, I should agree that its books could not be thus treated and the case of Henry v. In-

surance Co., 35 Fed. 15, would apply. But the circumstances indicate the contrary (much stronger than in Tripp v. Childs, 14 Barb. 85) and the books must be treated as in substance and reality those of the bankrupts themselves, and not of a genuine outside corporation. See Abbey v. Deyo, 44 N. Y. 347; Hyde v. Frey, 28 Fed. 819; Lachman v. Martin, 139 Ill. 450, 28 N. E. 795.