SOUTHERN RY. CO. et al. v. NORTH CAROLINA CORP. COMMISSION et al.

(Circuit Court, E. D. North Carolina. April 11, 1900.)

1. TAXATION—SUIT TO ENJOIN DISCRIMINATION—EVIDENCE.
    In a suit to enjoin a discriminating assessment of railroad property by a state commission on the ground that there was an established rule by which all other property in the state was assessed at less than its actual value, where it is impossible to prove directly the adoption of such a rule by the assessing officers, it is competent for the complainants to establish its existence by inference from a uniform course of conduct, and for that purpose to introduce evidence of particular assessments and the value of the property assessed.

2. SAME.
    In such suit the presumption is that the commission assessed the property of complainants at its actual money value, where that is the requirement of the constitution and laws of the state, and, as that question cannot be reviewed by the court, evidence upon the subject is immaterial, unless it becomes material by reason of proof by complainants that other property is assessed under a different rule, and to show that the same rule was applied to railroad property.

3. DISCOVERY—CORPORATIONS—RIGHT TO COMPEL PRODUCTION OF BOOKS.
    An officer or agent of a private corporation cannot be compelled to produce and open for examination the books of such corporation in a suit to which it is not a party, on the ground that they may disclose facts material to the issues between the parties.

In Equity.
See 97 Fed. 513, 99 Fed. 162.
On questions certified to the court by the master as follows:

"To His Honor, Judge Simonton: The question under consideration being of very great importance, it is agreed by counsel that it be certified to your honor, waiving any points as to procedure. And the standing master hereby certifies the same to your honor; that is to say, whether the said books should be ordered to be produced for the purposes mentioned in the annexed copy

of the proceedings, marked 'A.' Inasmuch as a recess is necessitated by reason of the foregoing, the standing master respectfully asks instructions upon an additional question; that is to say, whether testimony tending to show that the defendant commission has not assessed the complainant's property at its full value is admissible. The point is illustrated by the annexed extract from the proceedings, marked 'B.' Your honor's decision upon these questions will greatly facilitate the hearing before me.

"Respectfully submitted,    James E. Shepherd, Standing Master."

"A.

"Mr. Henry Savage, being called by the complainants, being duly sworn, was examined as follows: 'Q. 1. Your name is Henry Savage? Ans. Yes, sir. Q. 2. What is your age, residence, and occupation, Mr. Savage? Ans. I will be 66 next month. Residence, Wilmington, N. C. My occupation is secretary and treasurer of the Acme Manufacturing Company, Limited. Q. 3. It is a corporation? Ans. Yes, sir. Q. 4. How long have you been secretary and treasurer? Ans. I think I have held that position since '91. Q. 5. Do you keep books showing your gross earnings and operating expenses? Ans. Yes, sir. Q. 6. Have you those books with you? Ans. No, sir. Q. 7. Have you been subpœnaed to produce them? Ans. Yes, sir. Q. 8. Will you produce them? Ans. On the advice of counsel, I decline.' The court requested counsel to state the purpose for which they demanded the production of the books. Counsel for complainants state that the purpose is to show by the books of the corporation the true value of the plant and property of this corporation on the 1st day of June, 1899, and for a number of years previous thereto, and to show that the assessed value for taxation is at least 25 per cent. less than the true value of the plant, including real estate; and, further, to enable the witness to refer to said books and inform the court as to the gross earnings and operating expenses of said corporation for the year 1899 and for several years previous thereto, so as to ascertain the true value of the plant of said corporation, including its real estate; and, further, to show that, if the said corporation were assessed in accordance with the manner of assessing railroad companies prescribed by the tax law of 1899 of the state of North Carolina, such corporation would be assessed at a much higher value than it has been for several years past and was on June 1, 1899. Counsel for complainants requested the court to order witness to produce the books. Counsel for defendants object to the order and to the production of the books and papers named in the subpœna duces tecum, on the ground that the same are irrelevant and incompetent, and are not admissible in evidence if produced, and upon the further ground that the entries which may be contained in such books are not competent evidence against the defendants. At this point counsel for witness, Messrs. E. S. Martin, E. K. Bryan, and Cameron Morrison, were allowed to appear for the purpose of moving that the subpœna duces tecum be recalled, and that witness be not ordered to produce the books over his objection, and argued same."

"B.

" 'Ques. State the par value of an original share of the capital stock of the Wilmington & Weldon Railroad Company. State what certificates of indebtedness or of stock in other corporations or other additions have been made thereto, or issued to the holders thereof. State the present market value of a share of stock of said corporation, with such additions as have been made thereto.' (Complainants object to this question, because no such issues as are indicated by said question are raised by the pleadings. The value of the stock, etc., of the Wilmington & Weldon Railroad Company is not involved in this controversy, or any aspect thereof; and the question is irrelevant, impertinent, and immaterial.) 'Ques. State the amount of the outstanding indebtedness of the Wilmington & Weldon Railroad and the market value of the bonds issued by said corporation.' (Same objection.) The purpose of the defendant in asking this question is to show the value of the property of the roadbed and other property of said corporation included in the assessment made by the defendant corporation commission."

John D. Shaw, Chas. Price, W. F. Day, R. O. Burton, and Geo. Rountree, for complainants.

H. G. Connor, Simmons, Pou & Ward, J. C. L. Harris, C. A. Cook, and John W. Hinsdale, for defendants.

SIMONTON, Circuit Judge. The standing master has submitted to the court certain questions which have arisen in the course of his examination. The complainants, in their testimony in chief, produced evidence as to the taxes assessed on property in the county of New Hanover for the year 1898, having up for this purpose the register of deeds. In the course of this examination they sought to prove the true value of the property of certain corporations, probably for the purpose of comparison with the assessed value for taxation of these corporations. To this end they issued subpoenas duces tecum, and required the production of the books of such corporations, and their examination. Two questions arise: First, as to the competency and relevancy of an examination into the assessment for taxation of various parcels of property. Second, as to the right of complainants to demand the production of the books of these private corporations, and the examination of them. The discussion and decision of this last question has been postponed at the request of counsel on both sides.

As to the first question: Counsel for defendants earnestly protest against this method of examination. They say, if separate items of property are examined in order to discover if the assessment of each is or is not its true value in money, the examination will be protracted in infinitum. The complainants allege that there is an established rule in North Carolina whereby all real and personal property other than railroad property is assessed for taxation below its actual value in money, and so the action of the corporation commission in assessing railroad property at its actual value in money creates a discrimination which is unlawful. If this alleged rule existed in resolution of the various boards of assessors, or in any compact between them, oral or written, or in any statutory enactment, the proper mode of proving it would be by evidence directly showing the existence of such rule. If, however, the existence of the rule cannot be shown in this way, but is a matter of inference from a uniform course of conduct, then the only mode of proof is by showing a sufficient number of instances from which such a course of conduct could be inferred. In the one case the conclusion would be reached a priori; in the other a posteriori. In the one case we would go from the general to the particular; in the other from particular to the general. If, therefore, the complainants cannot establish the existence of the rule except by inference, it is lawful for them to introduce evidence as to the particular instances from which they seek to establish the general rule. During the examination the defendants propounded questions tending to show the value of the property of the roadbed and other property of the corporations complainant, complaining of the action of the corporation commission. Complainants object to this line of examination on the ground that the matter is not in this issue. The constitution of the state of

North Carolina and the acts of assembly passed under the authority thereof require all real and personal property in the state to be assessed for taxation at its actual value in money. The corporation commission, which is intrusted with the assessment of railroad property for taxation, assessed the property of the several complainants at a certain sum each. The complainants thereupon come into this court, alleging that the method adopted with regard to them differs materially from the method adopted with regard to all other real and personal property in the state, so that they are exposed to unjust discrimination. On that allegation they ask an injunction. On the truth of that allegation depends the action of this court. It cannot assess the value of property, nor perform any of the functions of the assessor. It cannot pass upon the assessment, and say whether or not it be excessive, or whether it be illegal, irregularly imposed, or unjust. Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 669. There must be some ground for the interference of a court of equity. And its interference cannot go to the reassessment of the property, but to the removal of the unlawful action. In the present case we must assume that the commission did its duty and fulfilled the constitutional and statutory requirement in assessing the railroad property. The amount of the assessment this court cannot question. The sole question is, does there exist in North Carolina a rule or practice universal enough to presume the existence of a rule whereby all real and personal property other than railroad property is assessed below its value for taxation? The burden of showing this is on complainants. Until this burden is removed, the inquiry must be directed to it. If it be removed, then it may possibly be competent for the defendants to show that, if such a rule or practice does exist, it is applied also to the railroad companies, and as to them there is no discrimination. The standing master will conduct the examination in accordance with these rulings.

(April 23, 1900.)

Of all the questions certified to the court by the standing master every point has been answered but one. An officer or agent of a private corporation was served with a subpœna duces tecum requiring him to bring into court the books of the corporation, with the purpose of opening them for examination. The witness very properly has so far obeyed the exigency of the subpœna as to produce the books. Whart. Ev. § 377. He now objects to the examination of them upon the ground that his corporation is not a party to this suit, and that such an examination will betray all the secrets of the business of the corporation, would expose its business methods to the world, and might work to it irreparable injury. In Henry v. Insurance Co. (C. C.) 35 Fed. 15, a motion to compel the opening of the records of a corporation not a party to the suit, but whose records it is claimed would disclose something of importance to the litigation, was refused by Mr. Justice Brewer. In Re Pacific Ry. Com'n (C. C.) 32 Fed. 250, Mr. Justice Field denied the authority of congress to grant such power to a commission created by it to examine the affairs of a debtor of the government. He puts this on the ground

of the right of personal security possessed by each citizen; that this right of personal security involves not merely the protection of his person from assault, but also the exemption of his private affairs, books, and papers from the inspection and scrutiny of others. It may be that when one is a party to proceedings he may be compelled, on proceedings for discovery, to open his private books, proper interest being shown in the party seeking the discovery. But I am of the opinion that the agent of a private corporation, not a party to the proceeding, cannot be compelled to open for examination the books of the company, and expose them to the scrutiny of third persons. In U. S. v. Babcock, Fed. Cas. No. 14,484, the subpœna required the production of certain telegraph messages. No objection whatever was made because this would work a betrayal of the business secrets of the company. In Russell v. McLellan, Fed. Cas. No. 12,158, the person served with notice to produce books was a party to the cause. Kirkpatrick v. Manufacturing Co. (C. C.) 61 Fed. 46, applies only to parties to the suit. In re Hirsch (C. C.) 74 Fed. 928, relates to public records. In Wertheim v. Trust Co. (C. C.) 15 Fed. 716, Judge Wallace states broadly the proposition contended for by complainants. It seems, however, that the main objection in that case was on the score of inconvenience. But, even if the case goes to the length ascribed to it, the opinion of Brewer, J., is to the contrary. In this difference of persuasive authority, I prefer to side with him.