### MILLER v. MUTUAL RESERVE FUND LIFE ASS'N.

(Circuit Court, S. D. New York.   June 20, 1905.)

EVIDENCE—COMPELLING PRODUCTION OF DOCUMENTS BY ADVERSE PARTY—
OMNIBUS SUBPŒNA DUCES TECUM.

    A court will not punish a party for contempt for failure to obey a subpœna duces tecum requiring the production of a large list of books and papers, many of which apparently can have no bearing on the issues raised by the pleadings, but the party applying will be required to take out separate subpœnas, each of which may then be considered on its merits.

    [Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 40.]

On Motion to Punish for Contempt.

Keating & Walradt, for the motion.

Frank H. Platt, opposed.

LACOMBE, Circuit Judge.   This court did, as counsel for complainant suggests, heretofore lay down the rule that a subpœna duces tecum should be first obeyed by bringing the documents into court, and that thereupon the court would inspect them to see if they were relevant or material, and such as might be offered in evidence. Edison Electric Light Co. v. U. S. Electric Lighting Co. (C. C.) 44 Fed. 294, 45 Fed. 55.   That decision had reference, of course, to the concrete case then before the court.   It was not expected that any such grotesque subpœna duces tecum as we have here would ever be taken out, calling for apparently a cart load of books and papers, nearly all of which, so far as their description indicates, have nothing whatever to do with the issues raised by the pleadings. The motion to punish for failure to obey this omnibus subpœna is denied.   If in this long enumeration there are a few items which possibly might have some bearing on the controversy, complainant may take out new and separate subpœnas for them.   The court will then look into the merits of each separate application to produce. To undertake a recitation of this mass of irrelevant material would be a useless waste of time.   This decision on the subpœna as a whole will not be taken as an adjudication against any individual item.   Each will be considered when presented in some convenient shape, but from a cursory examination of the list called for it would seem that as to most of them complainant would be wasting his time in making further effort to lug them into a controversy with which they have nothing to do.