PHELPS vs. THE ATLANTIC & PACIFIC TELEGRAPH COMPANY.

PRACTICE.  *Discretion of court in requiring party to permit inspection, etc., of writings.*

The statute (sec. 93, ch. 137, R. S. 1858) empowers the court (or judge thereof), in an action pending before it, upon notice, to order either party to give the other, within a specified time, an inspection and copy, or permission to take a copy, of any books, papers or documents in his possession or under his control, containing evidence relating to the merits of the action or defense.  In an action for damages for a mistake in transmitting a telegram from Ogden, Utah T., *via* Omaha to Milwaukee, where it was delivered by defendant to the N. W. Telegraph Co. to be transmitted to Madison, the complaint alleged, upon information and belief, that the mistake charged was made by defendant's agents at Chicago, who reduced it to writing there; and, upon plaintiff's application with due notice, the court ordered defendant, within a specified time, to *deposit with the clerk of the court* the original message mentioned in the complaint, in the condition in which it was received by it for transmission; the original of the same as received and written down in its office at Chicago; and the original as received and written down in its office at Milwaukee, and delivered to the N. W. Telegraph Co. for transmission to Madison — each verified by the oath of some competent agent of the company; and in case of its inability to produce any one or more of such originals, to produce verified letter-press copies thereof; and that the papers should *remain in the custody of said clerk two days*, for plaintiff's use and inspection and to enable him to take copies.  *Held*, that the order was within the discretion of the court.

APPEAL from the Circuit Court for *Dane* County.

The defendant appealed from an order, the character of which is sufficiently described in the opinion.

For the appellant, there was a brief by *Cottrill, Cary & Hanson*, and oral argument by *Mr. Cottrill*.

For the respondent, there was a brief by *Gregory & Pinney*, and oral argument by *Charles N. Gregory*.

COLE, J.   The order appealed from in this case was doubtless made under the last clause of sec. 93, ch. 137, R. S. 1858.

That clause provides that the court before which an action is pending, or a judge thereof, may, in their discretion and upon due notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of any books, papers and documents in his possession or under his control, containing evidence relating to the merits of the action or the defense therein. The order seems to be fully justified by the notice of the motion, and substantially grants the relief asked. It requires the defendant to deposit with the clerk of the court, within the time specified, the original telegraphic message mentioned in the complaint, in the condition in which it was received by it for transmission over its line; also the original of such message as received by it and written down in its office at Chicago; also the original of the same as received by it and written down in its office at Milwaukee, and which was delivered to the Northwestern Telegraph Company for transmission to Madison — each duly verified by the oath of some competent agent of the company; and, in case of its inability to produce any one or more of the originals, in the condition in which they were received at these places, to produce true letter-press copies of such originals, verified by the oath of some competent agent; the papers to remain under the custody of the clerk for the period of two days, for the use and inspection of the plaintiff, and to enable him to take copies thereof.

The action is brought to recover damages of the defendant for alleged mistakes in transmitting a telegraphic message over its line to the plaintiff at Madison. It is charged in the complaint, that these mistakes were committed through the carelessness and negligence of the agents of the defendant in transmitting the message. The plaintiff desires to inspect the original dispatches in the possession of the defendant, to ascertain where and how the mistake was made. We are unable to perceive any valid objection to the order. The statute leaves it in the discretion of the court to order the defendant

to produce these papers, and there is no ground for saying that that discretion was abused in this case.  It certainly cannot be denied, that these original dispatches contain material evidence relating to the merits of the action.  And the fair presumption is, that they are in the possession or under the control of the defendant.  What substantial objection can there be to their production for the inspection of the plaintiff?  The power exercised by the court under this section is quite analogous to that formerly exercised by the court of chancery in compelling a discovery of books and papers.  The application, we think, presents a case for the exercise of that power.

It is said by the learned counsel for the defendant, that the statute does not justify the court in compelling the production and *deposit* of the original dispatches with the clerk, or letterpress copies of such originals, verified as provided in the order. He says that the statute merely allows an inspection and copy, or permission to take a copy, not a deposit.  But these papers were only to remain in the custody of the clerk for the period of two days after notice, certainly not an unreasonable time for the plaintiff to inspect them.  And it is plain that the defendant could not be hindered in its preparation for the trial by the dispatches being out of its possession for that period.

It was further contended by the same counsel, that the plaintiff could have obtained these dispatches by *subpœna duces tecum*, and by an examination of a witness.  It appears from the papers used on the hearing of the motion, that the dispatch in question was received by the defendant at Ogden, in the territory of Utah; was transmitted from that place to Omaha, and thence to Chicago; that at Chicago it was reduced to writing by the agents of the company, and transmitted to Milwaukee, where it was delivered to the Northwestern Telegraph Company, to be forwarded to Madison.  The complaint charges, upon information and belief, that it was the defendant's agents at Chicago who made the mistake in the name of the office from which the dispatch was originally sent.  It is, however,

by no means clear that this was so, and the plaintiff might not be able to obtain the original dispatch in which the alleged mistake was first made, without subpœnaing a number of the employees of the company, which might subject it to a greater inconvenience than to comply with the order. There would seem to be no hardship in requiring the defendant to make the discovery sought. It surely does not appear that the discovery is unnecessary; on the contrary, it would seem to be important for the rights of the plaintiff that it should be made.

We have considered this as an application under the statute, and not under the rules of court. We think the order is fully justified by the statute. Upon this subject we have examined the cases in New York to which we were cited, but do not deem it necessary to make any remarks upon them. There was no abuse of discretion in granting this order, and it must be affirmed.

*By the Court.* — So ordered.