Bradley, J.
At the time in question the plaintiff was a stockholder of the defendant, a corporation created pursuant to the general act authorizing the formation of corporations for manufacturing, mining, mechanical, or chemical purposes. This action was brought to recover a penalty alleged to-have been incurred by the defendant by its refusal or neglect to exhibit to the-plaintiff a certain .book in violation of the statute, which provides that such ; book shall be kept at the office of the company, and during the usual business hours of the day, on every day except Sunday and the Fourth of July, shall be open to the inspection of the stockholders; and that for every neglect or refusal of any officer or agent of the company to exhibit such book to a stockholder of the company, or to allow the same to be inspected, and extracts to be taken therefrom by him, the company shall forfeit and pay to the party injured a penalty of $50. Laws 1848, c. 40, § 25. .The question whether the plaintiff’s recovery is supported by the evidence was presented by the defendant’s exception taken to denial of motion for nonsuit. The plaintiff on Saturday, September 24, 1884, went to the office of the defendant; there saw James Sargent, the president and treasurer of the company, and stated to him that he called to examine the stock-book and record-book of the company, and wanted to see them; and was informed by Mr. Sargent that the books were' in the safe; that Mr. Puffer, who had the combination to the lock of the safe, was out of town, and until his return the books could not be shown to the plaintiff; that Mr. Puffer’s return on Monday following was expected; and. that if the plaintiff came to the office that day he could see the books.
Upon review here of a former trial, this state of facts was held insufficient to authorize a recovery by the plaintiff. 41 Hun, 20. It on that trial appeared that Mr. Puffer had been, and it was assumed that at the time in question he was, the secretary of the company, having charge of the books,, and that he alone had knowledge of the combination of the safe-lock. It now appears that he had, nearly two months before this occurrence, ceased to be secretary, and that Edward G. Miner had succeeded him in that position, and then was such secretary, and had the combination of the safe, and the charge of the books of the company. When the plaintiff entered the office on the occasion in question Mr. Miner was there, and although he was not present when the request to see the-books was made, and may not have heard it, he-was about the rooms of the office a considerable portion of the time the plaintiff was there on that occasion. The plaintiff did not then know that Mr. Miner was the secretary of the defendant. Mr. Sargent says he did not know that Mr. Miner had the safe combination, but, in vi£-w of his relation to the business of the company, it may be inferred that he was advised that Miner was. secretary, and of his duties as such. The purpose of the provisions of the statute referred to was to enable the classes of persons designated, interested as they may be in the business and management of the corporations, to have-the opportunity, unembarrassed, of inspection of the specified books at any time within that prescribed; and it is for the observance of this important right that the violation of this duty not only creates liability of the forfeiture before mentioned, but subjects the delinquent officers or agents to liability to criminal prosecution. Laws 1848, c. 40, § 25. For its practical application, this statute is entitled to such construction as will vender it effectual to accomplish the purposes for which it evidently was designed. Every failure, on request, of the opportunity to inspect the book, may not constitute a refusal or neglect to exhibit it for that purpose. There may be excusable circumstances- *725 -which will relieve the officer or agent from that imputation; and, on the other hand, pretense may be employed to delay or postpone exhibition of the book for inspection. The right and duty are unqualified, in so far that the question is one of ability to comply with the request at the time it is made, or within a reasonable time thereafter. The facts in this ease which mainly distinguish it from those appearing on the first trial are that it did not then, but does now, appear that Mr. Miner was secretary, and that he had the charge of the books, and was able to open the safe and exhibit them. If his relation ¡to the company had been known to the plaintiff, he may have been called upon by him to do so; and if it be assumed, as in view of the verdict it may .be, that the president and treasurer knew Miner was such secretary, it was ■but reasonable that he should have either informed the plaintiff of the fact, or ■called the attention of that officer to the plaintiff’s request. While Mr. Sargent may not have known that Miner was able to open the safe, he certainly ■did not know that he could not, and the fact that he was secretary was some reason to suppose he may have bad access to the books of the company properly in his charge as such. Upon the evidence the conclusion was permitted, that by the exercise of the diligence fairly required of the president of the defendant, the book may and would have been produced to the plaintiff for inspection at the time he made the request, and that such officer neglected, within the meaning of the statute, to exhibit the same to the plaintiff. It is, ■however, contended that, as the statute provides that the penalty shall be forfeited and paid “to the party injured,” an injury to the plaintiff by such refusal or neglect was essential to his recovery. The penalty is imposed as a punishment for the violation of duty, and its recovery is not dependent upon •a pecuniary loss as the consequence. When damages are the result of such refusal or neglect they also may be recovered. Id. The denial of the right is ■the injury contemplated, and is sufficient for the purpose of the remedy. Railroad Co. v. Chamberlain, 32 N. Y. 659.
The purposes of the book which the company is required to keep, and which the plaintiff had a right to inspect, are mentioned in the statute, but it is given no specific statutory designation. It is urged that the plaintiff did not ask to see this book. His request was to inspect the stock-book and the record-book of the company. The books kept are in the defendant’s office designated, one .as the “Certificate Book and Stock Ledger,” and the other as the “Record ■Book.” The book referred to in the statute is there defined by the character •of the entries which it must contain, and they relate to the stockholders, the .shares owned by them, respectively, when they became such owners, and the •amount of stock actually paid in. The demand as made may reasonably have been understood to embrace such book, and the conclusion was warranted that the officer was then so advised. Ho question was then raised or asked by him fin that respect.
Hone of the exceptions to the refusal of the court to charge as requested were well taken. The charge as made adequately stated the-duty resting upon ■the officers or agents of the company in respect to the matter in question, under the statute, and the subject of reasonable diligence required of them to •comply with its provisions was embraced within the charge. There was then no occasion to charge upon the object or construction of the statute as requested, further than was charged. There was no question about the propriety of keeping the books of the company in a locked safe, and that fact involved no legal proposition essentially for the court to announce to the jury. Whether it was an unreasonable request to ask the plaintiff to wait until the following Monday to see the books, on account of the temporary absence of Mr. Puffer, was, under the circumstances, a question of fact for the jury, and not one of law for the court. The court was also requested to charge that the jury might infer that the plaintiff consented to wait until Monday to see the books, and to the refusal to so charge the defendant excepted. There is *726 no evidence to the effect that the plaintiff waived any right which was furnished by his request and failure to see the books on Saturday. It seems lie-went away from the office at that time without making the inspection, because he was informed that he could not see the books until the return of Mr. Puffer on Monday. He then did call and examined the books. If his right in that respect was violated at the first interview, his subsequent inspection-of the books did not waive it; and, assuming that by this action he asserted a-legal right, his motive in bringing it is not legitimately the subject of criticism on this review. Ho exceptions seem well taken. The judgment should be affirmed. All concur.