### MARTIN *v.* WILLIAM J. JOHNSTON Co., Limited.

*(Supreme Court, General Term, First Department.* January 16, 1891.)

1. CORPORATIONS—MANDAMUS TO EXHIBIT BOOKS—AFFIDAVIT.

The affidavit filed in support of an application for *mandamus* to compel a corporation to allow petitioner, as a stockholder, to inspect the company's books, as provided by Laws N. Y. 1875, c. 611, § 17, alleged that petitioner was "the holder and owner of over fifteen shares of the capital stock of said corporation." The answering affidavit, made by the president of the company, alleged that affiant "is advised by his counsel, and he charges the fact to be, that said [petitioner] is not the holder or owner of over fifteen shares of the capital stock of said corporation, or the holder of any shares of such capital stock, admitting, however, as is therein alleged, or as may be purported to be alleged, that said M. [petitioner] is the holder of a certificate for over fifteen shares of said capital stock, namely, a certificate for twenty shares, averring in this behalf, however, that the said M. is not entitled to the possession of said certificate of stock." *Held,* that the denial was evasive, and did not controvert the positive allegation in petitioner's affidavit as to his ownership of stock.

2. APPEAL FROM EXECUTED WRIT—DISMISSAL.

An appeal from an order granting a writ of *mandamus* should be dismissed where it appears that the writ has been issued and obeyed, and any ruling on the decision would have no practical effect.

Appeal from special term, New York county.

Application by Thomas C. Martin for *mandamus* to require the William J. Johnston Company, Limited, to permit the examination of its books. The affidavit of relator in support of the application is as follows: "Thomas Commerford Martin, being duly sworn, deposes and says that the W. J. Johnston Company, Limited, is a corporation created and existing under and by virtue of chapter 611 of the Laws of the state of New York, passed in the year 1875; that the said corporation was incorporated on the fourth day of January, 1889; that deponent is the holder and owner of over fifteen shares of the capital stock of said corporation; that on the twelfth day of September, 1890, he made demand on said corporation to allow him to examine its stock subscription book and its records and books of account; that said demand was made by deponent upon C. E. Stump, the treasurer of said corporation, during the usual business hours of the said twelfth day of September, 1890, which was neither a Sunday nor a legal holiday, and that said C. E. Stump refused to comply with said demand, or to permit deponent to examine said books and records, or any or either of them. Deponent further says that the capital stock of the said W. J. Johnston Company, Limited, is $25,000, divided into 2,500 shares; that said stock has an actual value greatly in excess of its par

value; that during the year 1889 the gross profits of said company were over $130,000; that from a printed statement issued by said company in or about the month of July, 1890, it appears that the business of said company has increased during the year 1890, it being stated therein as follows: 'In the amount of money received for subscriptions, June, 1890, showed an increase of 31.25 per cent. over June, 1889; while in the number of subscriptions received the increase was 31.69 per cent.' Deponent says that in March, 1890, upwards of 2,000 shares of said stock were owned by William J. Johnston, the president of said company, and, as deponent is informed and believes, said Johnston has continued to own and now owns the same. From the business of the year 1889 no dividends were formally declared upon the stock of said company, but the net profits of such business, or a large part thereof, were distributed among the stockholders by checks of the company, the respective amount of which, as deponent is informed and believes, was fixed approximately according to the proportionate holdings of the said stockholders. No dividend has been declared upon the stock of said company from the profits of any part of the business done during the year 1890; but, as deponent is informed and believes, large sums,—namely, upwards of $15,000,—have been distributed among certain of said stockholders in lieu of dividends, the greater part thereof having been paid to the said W. J. Johnston. No part of the said profits of the business done during the year 1890 has been paid to deponent. Deponent desires to inform himself as to the names of the present stockholders, and the respective amount of stock held by them, and as to the profits of the company for its business during the year 1890, and desires to obtain such knowledge generally of the concerns of the company as will enable him to be advised as to the present value of his stock. Deponent has been unable to obtain such information from the company, and the obtainment thereof is necessary, as he verily believes, for the protection of his rights as a stockholder of said company. The grounds of deponent's information and belief as to all matters hereinbefore set forth, not stated upon his own knowledge, are statements made to him by officers and employes of the said company. Therefore deponent prays that a peremptory writ of *mandamus* issue out of this court directing and commanding the said W. J. Johnston Company, Limited, to allow and permit his agents and attorneys to examine, inspect, and make extracts from the stock subscription book and the records and books of account of the said corporation."

On the hearing of the application at special term, the following opinion was rendered by LAWRENCE, J.: "The answering affidavit to the application on the part of the relator for leave 'to examine, and inspect, and to take extracts from the records and books of account of the William J. Johnston Company, Limited, and the book kept by said corporation containing the names of all persons who were, or since the incorporation of said company have been, stockholders of such corporation, and showing their place of residence, the number of shares of stock held by them respectively, and the time that they respectively became the owners of such shares, and the amount actually paid thereon,' etc., I do not regard as satisfactory. The seventeenth section of chapter 611 of the Laws of 1875, being 'An act to provide for the organization and regulation of certain business corporations,' makes it the duty of such corporation to keep a book containing the information which is desired by the relator in this case, said book to be kept by the treasurer or clerk thereof, which book, the statute provides, 'shall, during the usual business hours of the day, on every day except Sundays and legal holidays, be open for the inspection of stockholders and creditors of the corporation, and their personal representatives, at the principal business office of such corporation; and any and every such stockholder, creditor, or representative shall have a right to make extracts from such book. The section then goes on to provide that every officer or agent of any such corporation who shall neglect

to make any proper entry in such book, or shall refuse or neglect to exhibit or allow the same to be inspected, and extracts to be taken therefrom, shall be deemed guilty of a misdemeanor;' and it imposes upon the 'corporation for every such neglect or refusal a penalty of $50, and all the damages arising therefrom. In this case the petitioner positively alleges that he is the owner of over 15 shares of the capital stock of the corporation, and he also shows that a proper demand was made upon the treasurer of such corporation, during the usual business hours, and on a day not excepted by the statute, for permission to examine the stock subscription book, etc., which was refused. On this state of facts the right of the petitioner to such inspection would appear to be clear, but it is urged on the part of the respondent that the resisting affidavits show that the petitioner is not a stockholder, and that therefore he is not entitled to the relief which he seeks. The paragraph of Mr. Johnston's affidavit, read on behalf of the respondent, under which this contention is made, is as follows: ‘He is advised by his counsel, and he charges the fact to be, that said Thomas Commerford Martin is not the holder or owner of over fifteen shares of the capital stock of said corporation, or the holder or owner of any shares of such capital stock, admitting, however, as is therein alleged, or as may be purported to be alleged, that the said Martin is the holder of a certificate for over fifteen shares of said capital stock, namely, of a certificate for twenty shares, averring in this behalf, however, that the said Martin is not entitled to the possession of said certificate of stock.' I regard this denial as evasive, and as not controverting the positive allegation in the petitioner's affidavit as to his ownership of stock; and, without discussing the question further, I think that the views expressed by me in the case of *People* v. *Paton*, 20 Abb. N. C. 195, oblige me to grant this application." From the order entered on this decision granting the application the company appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Robert H. Griffin,* (*Robert G. Ingersoll,* of counsel,) for appellant. *Masten & Nichols,* (*Arthur H. Masten,* of counsel,) for respondent.

BRADY, J. It was conceded upon the argument that the writ had been issued and obeyed, and for that reason it is not deemed necessary to discuss the propriety of the decision, as any ruling thereupon would have no practical effect. The appeal should be dismissed, without costs. All concur.