*Corporations — rights of stockholders to examine and take extracts from books — a denial that the applicant is a stockholder must be positive — Laws of 1875, chap. 611, secs. 16, 17.*

A stockholder of a corporation, organized under chapter 611 of the Laws of 1875, entitled "An act to provide for the organization and regulation of certain business corporations," has a right, under sections 16 and 17 of the act, to inspect the books of account and the book required to be kept showing the names and shares of stockholders in such a corporation, and to make extracts therefrom.

Where a corporation seeks to prevent such an examination by denying that the applicant is a stockholder, such a denial must be positive, and not evasive.

The fact that the applicant made his demand upon the treasurer, when the by-laws of the corporation put the book in the custody of the secretary, is not a ground for refusing relief where the treasurer did not put his refusal upon that ground or refer the applicant to any other person as the proper custodian of the book.

Appeal by the W. J. Johnston Company (Limited) from an order, entered in the office of the clerk of the city and county of New York on the 10th day of October, 1891, granting the motion of Thomas Commerford Martin that he be allowed to examine and inspect and take extracts from the records and books of account of the said W. J. Johnston Company (Limited), and the books kept by said corporation containing the names of all persons who are, or since the incorporation of the said corporation have been, stockholders of such corporation, and showing their places of residence, the number of shares of stock held by them, respectively, and the time when they, respectively, became owners of such shares and the amount actually paid thereon. The order directed " that the application be, and the same hereby is granted, and that said peremptory writ of *mandamus* issue out of and under the seal of this court, in accordance with the said motion, directed to the above-named W. J. Johnston Company (Limited)."

The denial of the ownership by Martin of shares in the company was contained in an affidavit of John H. Johnston, a director of said company, and was as follows :

He is advised by his counsel, and he charges the fact to be, that the said Thomas Commerford Martin is not the holder or owner of over fifteen shares of the capital stock of said corporation, or the holder or owner of any shares of such capital stock ; admitting, however, as is alleged in the affidavit of Thomas Commerford Martin, or as may be purported to be alleged, that the said Martin is the holder of a certificate for over fifteen shares of said capital stock, namely, of a certificate for twenty shares ; averring in this behalf, however, that the said Martin is not entitled to the possession of the said certificate of stock.

*Robert G. Ingersoll* and *Mason F. Prosser*, for the W. J. Johnston & Co., appellant.

*Arthur H. Masten*, for the respondent.

DANIELS, J.: .

When this appeal was before a preceding General Term of this court it was directed to be dismissed, because the company had complied with the requirements contained in the writ. But on a further appeal to the Court of Appeals that dismissal was reversed, and a hearing of the merits of the proceeding was directed to take place, for the reason that fifty dollars costs had been recovered against the company; and pursuant to that direction the case has again been brought to a hearing upon the appeal.

In support of the application the applicant, Martin, has sworn that he became and was the owner of over fifteen shares of the capital stock of the company, and that on the 12th of September, 1890, he had made a demand to be allowed to examine the stock-subscription book, and the records and books of account of the company. This demand is stated to have been made upon the treasurer during the usual business hours, and not upon a Sunday or a legal holiday, and that the treasurer refused to comply with the demand, or to permit the applicant to examine the books or records, or any or either of them. And further statements are contained in the affidavit which it is not strictly important for the disposition of the appeal to examine. In opposition to the application an affidavit was made by John H. Johnston, who was a director of the company, in which he stated that he was advised by his counsel, and charged the fact to be, that the applicant was not the owner or holder of these shares of the capital stock of the company, or of any such shares, at the same time admitting, however, that he held a certificate for over fifteen shares of the stock, but averring that Martin was not entitled to the possession of that certificate. He also admitted that the demand mentioned in the applicant's affidavit had been made upon the treasurer, who refused to comply with it or permit the applicant to examine the books. And this has been relied upon as so far controverting the statement of the applicant that he was the owner of these shares as to put it in issue in such a manner as to require a trial of such issue to ascertain the truth of the facts in this manner referred to. Reliance has also been placed in the affidavit upon the by-law directing that the certificate-book, transfer-book and such other books and papers as the board should direct, should be in charge of the secretary, and that no application had been made to him for the exam-

ination of these books. But in the refusal which the treasurer made there was no allusion to his inability, if that existed, to comply with the demand, and no reference made to the fact that any other person was the proper officer to receive and act upon the demand. Neither does it appear in any form that the books did not remain under the control of the treasurer. The proceeding, therefore, so far as it has in this manner been shown, seems to have been regular; especially as the books were under the control of the directors of the company, and the treasurer was necessarily one of those directors.

In the affidavit of Mr. Johnston there was no denial of the statement made by Martin that he was the owner of these shares of the capital stock of the company. The most that was said was that the counsel of Mr. Johnston had advised him that the applicant was not the owner of these shares, which was no evidence whatever in the way of controverting the applicant's positive affidavit that he was such owner. Neither was it stated, as a matter of fact, that the certificate for the shares, which was admitted to be in the possession of Mr. Martin, was not his property. The statements made were peculiar in the language which was used, indicating the disposition to be to avoid anything like a positive denial of the statements of the applicant, but at the same time endeavoring to evade the grounds of the application. And these statements, therefore, in no manner controverted or put in issue the essential facts relied upon to support the application. The case is entirely different from those which have been referred to in which the denial was held to be operative, for in them it was direct and positive, and controverted the material facts upon which the application had been made to rest. This was the nature of the affidavit used to oppose the motion in *People ex rel. McMackin* v. *Board of Police* (46 Hun, 296), and *People ex rel. P. C. Savings Bank* v. *Cromwell* (102 N. Y., 477). Mr. Johnston's affidavit was more in the nature of the statements held to be inoperative by way of the creation of an issue in *People ex rel. Kelly* v. *Common Council of Brooklyn* (77 N. Y., 503); *People ex rel. Anibal* v. *Supervisors, etc.* (25 N. Y. St. Rep., 737); *Sullivan* v. *Gilroy* (55 Hun, 285) and *Kelsey* v. *Pfaudler, etc., Company* (3 N. Y. Supp., 723). There was, therefore, no such denial of the facts that the applicant was the owner of these shares, and had become entitled to an inspection and examination of the

FIRST DEPARTMENT, DECEMBER TERM, 1891.

books of the company, which had been denied him, as is sufficient to defeat this application.

By section 17 of chapter 611 of the Laws of 1876, it has been made the duty of the directors of the company to cause a book to be kept by the treasurer or clerk thereof, containing the names of all persons, alphabetically arranged, who are, or shall within six years have been, stockholders of such corporation. And this book, during the usual business hours of the day, on every day except Sunday and legal holidays, it has been directed shall be open for the inspection of stockholders and creditors of the corporation and their personal representatives, at the principal business office of the corporation, and any and every such stockholder, creditor or representative shall have the right to make extracts from such book. So far, certainly, the applicant established his right to the writ which the order directed to be issued. But it has been contended, on behalf of the company, that this order was broader than the applicant was entitled to have it, for the reason that the preceding section of the same act requiring the corporation to keep at its principal office or place of business, correct books of account of all its business and transactions and declaring that every stockholder in the corporation should have the right at all reasonable times, by himself or his attorney, to examine the records and books of account of the company, has not permitted, in express language, that the person making the examination may take extracts from the books, as that has been directed by this writ. But what the section has provided for is an unrestricted examination of the books by the stockholder, or his attorney, and that would seem to necessarily include the right to obtain extracts from the books. For an extended examination, as that may very well be, which the stockholder under this authority is entitled to make, would be fruitless without the right to make memoranda or extracts that might afterwards be useful to the person in whose behalf the examination should be made. And that this construction should be placed upon the statute, although it has not in language, as the next section has, provided that the person making the examination shall have the right to make extracts from the book, appears to necessarily follow from the general right to examine the books secured by the sixteenth section of the act. And that the

statute containing provisions for this general authority should be so construed appears to be sustained by *Cotheal* v. *Brouwer* (1 Seld., 562). As the case has now been brought before the court, the right of the applicant to make this inspection and examination and to take extracts or memoranda from the books, has been sufficiently sustained to maintain the order directing the issuing of this writ, and it should, therefore, be affirmed, with ten dollars costs and the disbursements.

VAN BRUNT, P. J., and INGRAHAM, J., concurred.

Order affirmed, with ten dollars costs and disbursements.