(70 Hun, 403.)

### RUTTER et al. v. GERMICIDE CO. OF NEW YORK.

(Supreme Court, General Term, First Department. June 30, 1893.)

DISCOVERY DURING TRIAL—WHEN GRANTED.

In an action against a corporation by holders of preferred stock therein for the specific performance of a contract to pay specified dividends, and for an accounting, on trial before a referee, it appeared that, in response to a subpoena duces tecum, defendant's treasurer and bookkeeper had on several occasions brought the books of the company into court, and been examined in reference thereto, but plaintiffs and their accountant were not permitted to inspect them at any time except during such examinations. Requests by plaintiffs and by the referee to permit such accountant to examine such books at defendant's office were refused. Plaintiffs claimed that such examination would show an improper appropriation of defendant's property and money, and defendant, on an order to show cause, failed to show why discovery should not be made. *Held*, that an order requiring defendant to permit plaintiffs or their accountant to inspect its books at its place of business was proper.

Appeal from special term, New York county.

Action by Robert Rutter and others against the Germicide Company of New York. From an order directing defendant to produce its books of account and other books containing entries relating to the transaction of its business at its place of business for

the inspection of plaintiffs' accountant, defendant appeals. Affirmed.

The action was brought by the plaintiffs in behalf of themselves and the other holders of defendant's preferred capital stock to obtain a specific performance of defendant's contract to pay its preferred stockholders a 6 per cent. annual dividend quarterly, and to secure such dividends by the deposit in the defendant company of 15 per cent. of its monthly earnings, and for an accounting. The answer admitted all the material allegations of the complaint, except the allegations that defendant's net earnings had been sufficient to pay the passed dividends, and that its earnings had habitually been illegally diverted. On the joinder of issue the action was referred to William M. Hoes, Esq., as sole referee, to hear and determine the same, and witnesses were examined before him at four hearings, some of defendant's books of account being produced by its treasurer, in whose custody they were under subpoena duces tecum. No bookkeeper designated by plaintiffs' attorney was allowed by defendant's treasurer or by its attorney to examine defendant's books, although permission to make such examination was repeatedly requested, both by the referee and by the plaintiffs' attorney; and finally the learned referee suggested to plaintiffs' attorney that he should apply to the court for an order of inspection, and furnished his certificate for that purpose.

Plaintiffs thereupon filed a petition setting forth the importance to them of an examination of the books in question, and containing, in substance, the facts set forth in the following affidavit of plaintiffs' attorney filed in support thereof:

"P. H. Vernon, being duly sworn, says that he is attorney for the plaintiffs in the above-entitled action, which is now on trial before William M. Hoes, referee, and that the defendant appeared by Joseph G. Mathews, Esq., its attorney, but has recently been represented on the trial by L. J. Morrison, Esq., as counsel. That in deponent's opinion it is very important for the interests of plaintiffs that defendant's books of account and papers should be thoroughly examined by a competent bookkeeper, so that not only its receipts and disbursements, but also the results of its business, and the amounts of profits realized therefrom from quarter to quarter, may be definitely ascertained; and that in deponent's opinion a thorough examination of defendant's books and papers is material and necessary to the proper presentation of plaintiffs' case to the referee. That on various occasions during the progress of the trial deponent has requested Albert L. Cohn, Esq., the treasurer of defendant, who has the custody of its books and papers, to allow deponent's representative to examine them, but said Cohn has persistently refused deponent's requests for such examination, and has also refused the request of said referee, that he would allow the representative of deponent to examine said books. That on or about the seventh day of April, 1893, deponent gave to Mr. Otto J. Frickel, a bookkeeper in the employ of Messrs. Sweester, Pembroke & Co., Nos. 374, 376, 378, Broadway, in the city of New York, a letter a copy of which is hereto annexed, marked 'Exhibit B,' and that deponent is informed by said Otto J. Frickel, mentioned in said letter, he, said Frickel, took the same to defendant's office, No. 13 East 17th St., in the city of New York, and delivered the same, in the absence of said treasurer, to Mr. William Law, defendant's bookkeeper, who was in charge of its office; and that the said Law informed him that he had been instructed to allow nobody to see the books. That afterwards, and on the 12th day of April, 1893, the said referee wrote to said Cohn, and sent to deponent, for delivery to him, a letter, of which a copy is hereunto annexed, marked 'Exhibit D,' by his assistant, Mr. F. N. H. Greaves, to said Cohn, at his law office, No. 280 Broadway, in said city; and that said Cohn informed deponent's said assistant that he would send a written answer to said letter, but that said Cohn never did so. That on the 19th day of April, 1893, some of defendant's books of account were produced at referee's office under a subpoena duces tecum, served upon said Cohn, but that, the referee being inadvertently absent from his office, said Cohn and defendant's said counsel would not allow said books to be examined by said Frickel, who was present; and, as the referee did not appear within three-quarters of an hour of the hour appointed for the hearing, said Cohn

had said books immediately removed from said referee's office. That deponent has examined said William Law, defendant's bookkeeper, as a witness before said referee, and that from his testimony it appears that said Cohn owes defendant several thousand dollars for moneys drawn from its funds, and that his brother, Caspar L. Cohn, who was president of defendant in July, 1891, but who went abroad about the end of said July on business in which the said defendant is not interested, and who has remained abroad ever since, is also indebted to defendant in $800 or $900, at least, for overdrafts of moneys; and that large amounts of merchandise, amounting to several thousand dollars, have been bought and paid for by defendant, and sent to germicide companies in Boston and Philadelphia, in which said companies said Caspar L. Cohn is largely interested, and to said Caspar L. Cohn himself in England, and that defendant has never received payment therefor. That deponent verily believes, from the testimony of said Law, and from such cursory examination of defendant's books of account as deponent has been able to make during the progress of the trial, that the profits of defendant's business during the periods mentioned in the complaint have been sufficient to warrant and require the payment of dividends to its preferred stockholders, in pursuance of the terms and conditions under which said stock was sold to plaintiffs by defendant; and that an examination of defendant's books and papers by a competent bookkeeper will furnish full evidence of the allegations in the complaint, and entitle plaintiffs to a specific performance by defendant of its contract, according to the prayer of the complaint; and that there are entries in said books of all the matters of which plaintiffs seek a recovery; and that without an examination of said entries plaintiffs cannot, in deponent's opinion, safely rest their case. That no previous application has been made for an order to show cause herein, and that, as a hearing in said action has been appointed for the 16th day of May, deponent fears that if he gives an eight-days' notice of motion there will not be time for an adequate examination of said books before said hearing."

"Exhibit B.

"Dear Sir: The bearer, Mr. Otto J. Frickel, a bookkeeper in the employ of Messrs. Sweester, Pembroke & Co., would like to make some examination of the books of account of the Germicide Company of New York, in behalf of the Sweester plaintiffs, in the pending suit against said company, and for me. Kindly allow him to make such examination, and oblige."

The referee certified as follows:

"I, William M. Hoes, the referee heretofore appointed to hear and determine the issues in this action by an order of this court made on the 23d day of January, 1883, do respectfully certify that the hearing of this action was, on the 12th day of April, 1893, adjourned by me, on request of defendant's counsel, to April 19th at ten o'clock A. M. That I was detained from my office on April 19th, and did not arrive there until about eleven o'clock, when I was informed by a representative at my office that both parties to this action had appeared, and that no stipulation had been made by counsel in regard to any adjourned day. That I thereupon mailed to each of the counsel in this action a letter, of which the following is a copy:

"'Gentlemen: I was absent from my office yesterday, and was under the impression that the hearing in the above action was set down for eleven A. M. to-day, and I arrived here shortly after that hour, finding that both parties had been present. I regret that this mistake on my part has occurred, and I have set the case down for Friday, April 28, at 11 A. M., and hereby give ample notice to both parties.'

"That I have waited three-quarters of an hour on this 28th day of April, 1893, to wit, from eleven o'clock to eleven and three-quarters o'clock A. M., and have been attended only by Mr. P. H. Vernon, attorney for the plaintiffs, and that neither Mr. L. J. Morrison nor Mr. A. L. Cohn nor Mr. Joseph T. Mathews has appeared before me, nor have defendant's books of account been produced, although, as shown by the subpoena duces tecum and ordinary subpoena, with proof of service thereof upon Albert L. Cohn, treasurer of the defendant, indorsed thereon, the said Albert L. Cohn was duly subpoenaed to attend and produce defendant's books of account. That I further ad-

journed the hearing in this action to May 16, 1893, at eleven o'clock A. M., to enable plaintiffs' attorney to apply to this court for an order directing the production of the defendant's books of account, so that they may be fully examined by him, and by such bookkeepers as he may designate. That at a quarter after eleven o'clock this day a representative from Mr. Morrison's office called and was informed by me that if said Albert L. Cohn did not appear and have said books produced before eleven and one-half o'clock this day, that I should give a certificate to the plaintiffs' attorney, upon which he might apply to this court. That on the 26th day of April, 1893, I received from said Lewis J. Morrison a letter, of which the following is a copy:

"'Dear Sir: It will be impossible for either Mr. Cohn or myself to attend on the 28th by reason of previous court engagements. I intended writing you before, but have been changing offices, and this is the first opportunity I have had. Any day next week, except Friday, agreeable to you and Mr. Vernon, will suit us.

"'Yours, respectfully,                                        L. J. Morrison.
"'Mr. Wm. M. Hoes.'

"That I made no reply to said letter, and have not given my consent to any adjournment to hearing set down for this day, except as above stated.

"April 23, 1883.                                William M. Hoes, Referee."

On reading the foregoing the court "ordered that defendant, the Germicide Company of New York, give to said plaintiffs a discovery and inspection and permission to take copies of its cash books, journals, ledgers, check books, bank-deposit books, invoice books, and other books of account, and other books containing entries relating to the transaction of its business, and that discovery and inspection be made by forthwith permitting a competent person selected by plaintiffs, or by their said attorney, to inspect and examine said books at defendant's place of business, No. 13 East Seventeenth street, in the city of New York, and by having said books remain open to the examination of plaintiffs, their attorneys and accountants, during the ordinary business hours of each day, with the privilege of making extracts therefrom, and of any and all entries therein relating to the receipts and disbursements and expenses and profits of defendant's business during the period mentioned in the complaint; and that in default thereof defendant show cause, at a special term of this court to be held at chambers, at the county courthouse, in the city of New York, on the 8th day of May, 1893, at 11 o'clock in the forenoon, or as soon thereafter as counsel can be heard, why such inspection and discovery should not be made as aforesaid, and why the prayer of the annexed petition should not be granted, and why plaintiffs should not have such other and further relief as may be just, with the costs of this motion."

Defendant having appeared and failed to show cause why such inspection and discovery should not be made as required by the foregoing order, the court further "ordered, that the said defendant produce at its place of business, No. 13 East Seventeenth street, in the city of New York, on the 17th day of May, 1893, at nine o'clock in the forenoon, all the above-mentioned books and documents, and there allow plaintiffs and their said attorney, and accountant or accountants designated by them, or any of them, to inspect the same, and to take copies thereof and extracts therefrom, on said day, and on each following business day, from 9 o'clock A. M. to 6 o'clock P. M., for so many days as plaintiffs, their said attorney and designated accountants, shall desire for said purpose, not exceeding three weeks."

Argued before VAN BRUNT, P. J., and FOLLETT and PARKER, JJ.

Joseph G. Mathews, (L. J. Morrison, of counsel,) for appellant.
P. H. Vernon, (Vernon H. Brown, of counsel,) for respondents.

PER CURIAM. In view of the conduct of the defendant in reference to the production of the books under the subpoena duces tecum, we think the granting of the order for examination was justified. The order appealed from should be affirmed, with $10 costs and disbursements.