## McGEARY v. BROWN et al.

The equitable owner of about one-third of the preferred stock of a corporation was equitably entitled to examine the corporate books to determine her interest, and an order of court granting such examination in an action for a receivership for the corporation did not infringe the provision of the federal Constitution guaranteeing security against unreasonable searches, etc.

Code Civ. Proc. § 477, authorizes the court before whom an action

is pending in its discretion and upon due notice to order either party to give the other permission to copy from books, etc., in his posses-. sion relating to the merits of the action, and authorizes the exclusion of the books from evidence or the punishment of the offending party, or both, upon refusal to comply with such order. Plaintiff alleged that she was the equitable owner of a number of shares of preferred stock of defendant corporation and that defendant directors had perpetuated themselves in office, wasted the assets, and rendered the corporation insolvent, and moved for a receiver, and, upon joinder of issues upon that motion, requested permission to examine the corporate books to prepare for trial, and asked a continuance of the hearing. **Held,** that the purpose of section 477 was to enable a party to inspect books, etc., to prepare for trial where the parties were not before the court, so that notice would be necessary, and, as the only ground for the continuance of the hearing of the receivership motion was to permit an inspection, the court necessarily determined the right of inspection before granting the continuance, and under its legal and equitable powers, could, independent of section 477, allow an inspection without formal notice and application.

In an action for a receiver of a corporation, plaintiff alleged that she was the equitable owner of about one-third of the preferred stock of defendant corporation, which stock was in the possession of another. who refused to take steps to protect plaintiff's rights, and that defendant directors had perpetuated themselves in office, increased their salaries, wasted the assets, rendered the corporation insolvent, and had refused to permit plaintiff to examine the corporate books. **Held,** that plaintiff was entitled to inspect the corporate books in order to enable her to prepare for trial.

(Opinion filed, Sept. 3, 1909.)

Appeal from Circuit Court, Hughes County. Hon. LYMAN T. BOUCHER, Judge.

Suit by Annie M. McGeary against Ella M. Brown and others. From an order permitting plaintiff to examine the books of defendant corporation, and from an order continuing the order for examination, defendants appeal. Affirmed.

*Sutherland & Payne,* for appellants.

Neither at law or in equity has a party a right to make a general search and examination for evidence among the private books and papers of his adversary. The party should be examined as witness. Brevoort v. Warner, 8 How. Pr. 321; Stalker v. Gaunt, 12 N. Y. Leg. Obs. 132; Commercial Bk. v. Dunham, 13 How. Pr. 541. A petition for inspection of books and papers will not be granted on its face for discovery generally, touching over a long

time and involving many items. Cassard v. Hinman, 6 Duer. 695. Where a party can be examined as witness a petition to inspect should not be granted. Stalker v. Gaunt, supra; McAllister v. Pond, 15 How. Pr. 299; People v. Trinity Church, 6 Abb. Pr. 177. Section 445, Civil Code, 638, provides that certain books are to be kept by the Company, which are to be open to any stockholder at all reasonable times. Plaintiff and respondent is not a shareholder. Thompson on Corp. Vol. 4, sec. 4428; Thompson on Corp. Vol. 3, secs. 3192-4; Simmons v. Hill, 96 Mo. 679; Keyser v. Hitz, 133 U. S. 138; Holyoke Bank v. Burnham, 11 Cush. 183; Nat. Bank v. Case, 99 U. S. 628; Pullman v. Upton, 96 U. S. 328; State v. Ferris, 42 Conn. 560; In re The Empire City Bank, 6 Abb. Pr. 385.

*Gaffy & Stephens*, for respondent.

This order recites, in accordance with the statute, that it appears to the satisfaction of the Court that the books of the corporation contain "evidence relating to the merits of the action," and upon the Court being satisfied, it continued the hearing and ordered an inspection. This was a Judge's order and the defendants' appeal from the same must be dismissed as such an order is not appealable. Black Hills Flume & Mining Co. v. Grand Island et al., 2 S. D. 546; Brown et al. v. Edmunds et al., 5 S. D. 500. Section 477, Code Civil Proc., designed to cover such situations as the one in question, and this section gives the Court discretion to make such an order as was made in this proceeding, conditioned only that an action be pending before the Court at that time and that the Court be satisfied the documents ordered inspected contain evidence relating to the merits of the action so pending.

WHITING, J. Respondent, plaintiff in the lower court, brought this action and applied for the appointment of a receiver pending the suit; and motion for the receiver being based upon the summons and complaint and upon affidavit executed upon behalf of the plaintiff. The complaint does not appear in the record on appeal, but from said affidavit it would appear that the plaintiff was the niece of the defendant Ella M. Brown; that she was the niece of Joseph O. Brown; that he had died some four years prior to the commencement of this action; that while living he was the owner

of 150 shares of the preferred capital stock of the defendant Pierre Ranch Cattle Company, such stock being of the par value of $100 per share; that during the four years prior to the commencement of this action the defendants Geo. W. Lumley, Sr., Harry Lumley, and Robert W. Lumley had been, and at the time of said action were, the directors of said cattle company, and Geo. W. Lumley its president, and Harry C. Lumley its secretary; that said Joseph O. Brown left a last will and testament, which had been duly approved, in which will the defendant Ella M. Brown was named as executrix, and by which will there was left in trust for plaintiff the said 150 shares of stock for her use and benefit during life, and at her death to revert to defendant Ella M. Brown; that no trustee was appointed, and that none has been appointed, but that Ella M. Brown had acted as trustee against plaintiff's will and without her consent; that said Ella M. Brown had refused to advise plaintiff whether the stock willed plaintiff was in her possession, and had also refused to take any steps to determine the rights of the plaintiff to the use and benefits of said stock and the proceeds thereof, and had refused to join plaintiff in proceedings for said purpose, all for the reasons that said Ella M. Brown held the reversionary interest in said stock, and is inimical to plaintiff's interest, and opposed to the declaration of any dividends or the division of any profits. The affidavit then sets forth that such preferred stock was entitled to draw 6 per cent. yearly dividends to be paid in preference of any other dividends, and that, in case of division of profits, the holders of said stock were to be paid in full both past and present interest dividends before any payments to the holders of common stock. The affidavit set forth that the corporation had been the owner, some four years prior to commencement of the action, of property to the amount of not less than $125,000; that its capital stock amounted to $150,000; that the three Lumleys, as directors, had elected themselves managers of the corporation and voted themselves large salaries, which said salaries had by them been raised; that no dividends had been paid; that through mismanagement of the business the assets of the corporation had been wasted; that the business had been and was being carried on at a loss; that the corporation was at that time heavily indebted; that its assets did

not exceed $10,000, and its indebtedness was $40,000; that it had no means of meeting this indebtedness and was wholly insolvent; that the corporation had failed to pay its other employees other than said managers; that they had caused the corporation several great financial losses in surrendering the rights which it had under an option contract to lands of great value. and which lands had been used by such corporation; that the president of such corporation had been paid a commission upon the sale of these lands to third parties, which commission he had retained. Said affidavit alleged many other matters and things wherein the said Lumleys had failed in their trust duties as officers of said corporation, and alleged that said Lumleys had refused to allow plaintiff or her agent to examine the books of said corporation, although said books were in the possession of said Lumleys. · At the time of the hearing of this motion and the making of the orders herein referred to, the defendant, Ella M. Brown had not been served with the papers herein, and had not in any manner appeared.

Upon the hearing of said motion the Lumleys submitted affidavit of said Geo. W. Lumley, which said affidavit directly denied some of the allegations of the affidavit submitted on behalf of plaintiff. There is nothing to show that said answering affidavit was ever served upon plaintiff prior to the hearing of said motion, and it is reasonable to presume that, in accordance with the usual custom, said affidavit did not come to the attention of plaintiff or her counsel until the hearing upon said motion. Attached to the affidavit of Lumley was a copy of the will of said Joseph O. Brown, which showed as claimed by plaintiff, that 150 shares of preferred stock of said corporation was left in trust for plaintiff, and this is in no manner controverted by the defendants. Upon the hearing, after the introduction of the affidavit hereinbefore mentioned, witnesses were examined on behalf of the plaintiff. The articles of the incorporation of defendant corporation were introduced in evidence showing capital stock to the amount of $150,000, of which one-third or 500 shares at $100 each was preferred stock—showing, further, that such preferred stock was entitled to dividends at 6 per cent. in preference to any dividend upon common stock, and

showing that, if in any year the profits did not authorize the payment of 6 per cent. dividend on preferred stock, that the holders of such stock would have the right to receive such back dividends out of profits in the succeeding years in preference to the common stock, and also showed that, in case of dissolution or liquidation, the preferred stock, together with any unpaid dividends, should be paid in full in preference to common stock. Defense then submitted another affidavit by said Geo. W. Lumley to the effect that the plaintiff was in no manner registered as a shareholder on the books of said corporation, and that she was a stranger to said books. At this stage in the proceedings counsel for plaintiff requested to be allowed to examine the books of the corporation for the purpose of preparation for the trial of the issues of said case, and asked that the hearing on motion for receiver be continued to a later date. The defendants objected to this request on the grounds of surprise, that no foundation had been laid for the request, and that it was improper at that time and under the present procedure. The court stated that it should grant the request, and upon the next day a formal order was signed by the judge of said court, continuing the hearing of the motion for receiver, giving to plaintiff's attorney the right to inspect and copy the books, papers, and documents of the defendant company, and fixing time, place, and conditions under which said examination should be made. Defendant, treating this order as the order of the judge and not that of the court, procured an order to show cause why such order should not be vacated, and, upon return of such order to show cause, an order was issued by the court directing that the previous order remain in full force and effect. It is from the order of the judge granting the right to examine the books and the order of the court continuing in effect said order of the judge that the appeal herein is taken.

Several assignments of error are set forth in the record herein, all directed to the one question of whether or not the court had jurisdiction to, and was justified in, granting the order appealed from. Appellants strenuously contend that it is an infringement of the constitutional right of the defendant guaranteed by the United States and this state guaranteeing persons to be secure in their persons, houses, papers, and affects against unreasonable

searches. There is nothing in this contention of defendants, inasmuch as it appears without dispute that, even if plaintiff does not appear on the books of the corporation as a stockholder, yet in truth and fact she is a holder of the equitable interest in nearly one-third of the preferred stock of this corporation, and the books of the corporation are as much hers as they are the property of any stockholder, and she has an equitable right to the examination of the same to determine her interests in said corporation, and it can be no infringement of the Constitution for her to examine the books of this corporation. It is the claim of the respondent that she has a right under section 477 of our Code of Civil Procedure to make the examination asked for. This section in substance is found in the statutes of nearly all the states, and intended to take the place of the equitable action for discovery formerly resorted to to discover the contents of books and other papers in the hands of adverse parties, our statute being in words as follows: "The court before which an action is pending, or a judge thereof, may, in its or his discretion, and upon due notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy of any books, papers and documents, in his possession or under his control, containing evidence relating to the merits of the action or the defense therein. If compliance with the order be refused, the court may, on motion, exclude the paper from being given in evidence or punish the party refusing, or both." Appellants, however, contend that under this section they are entitled to notice before order, and that there must be a showing to the court of the right or necessity for the order. The statutes of most states specifically require an application or petition in writing. Under the view which we take of this matter, we do not deem it necessary to pass upon the question of whether a formal petition is in all cases necessary, nor as to what notice must be given. We think it will be conceded by every one that this statute was passed aiming to cover cases where a party, anticipating the preparation of a pleading or preparation for a trial, desires to take steps to procure an examination of books and papers in the hands of an adverse party, and certainly in such case the adverse party would be entitled to his day in court to be heard on the ap-

plication for an order under such statute, and in order to give the
defendant such day in the court, notice would be necessary, if the
parties were not in court at time of application.. But the question
before us is not what would have been necessary if prior to the
date of the hearing of motion for receiver plaintiff had determined
that he wished to examine the books in order to prepare for such
hearing, but rather what is necessary to be done when, upon a
hearing of a motion, or an order to show cause, or the taking of
evidence upon any issue, it should develop that certain books and
papers are in the control of the adverse party undoubtedly con-
taining evidence material to the issue, in order to obtain an in-
spection of such books and papers. Under such circumstances, is
it necessary for the party desiring to examine such books to have
issued a subpœna duces tecum and bring the records into court, or
give notice to the defendant to produce the books, or has the
court the right when requested and without any formal notice, when
the record then before the court is sufficient to show the necessity
for such examination, to issue its order, and if necessary, adjourn
the hearing to give opportunity for such examination?

It will readily be seen that notice to produce the books is not
an ample remedy, because under the law, in the case of nonpro-
duction, it would simply give to the party the right to offer second-
ary evidence of the contents of such books, and frequently, as in
the case at bar, the applicant would have no means whatever of
proving such contents. Nor would a subpœna duces tecum be
ample, for the reason that there might often be no person within
the jurisdiction upon whom the same could be served, and, more-
over, it would not give the applicant an opportunity for the exam-
ination and preparation before the hearing of the issue. It must be
conceded that if there had been a formal application, supported by
an affidavit setting forth the facts as set forth in plaintiff's affida-
vits herein, and notice of the application had been given the de-
fendant, then it would have been the duty of the court, under sec-
tion 477, to have made the order which was issued herein; but we
do not think that in the case at bar it was incumbent upon the
plaintiff to secure a continuance of the hearing on motion for the
appointment of the receiver, and then afterwards take formal steps

by petition and notice under section 477 to procure inspection of books. There does not appear to have been any grounds for continuance except to give time to inspect the books, and the court was called upon to determine the right to inspection before granting continuance. Plaintiff was excusable in not having made previous application for the inspection of the books, for the reason that no issue of fact was joined until that date. If defendants needed any time to meet the motion for inspection, they should have asked for same.

If there is no inherent power in the court to make such order, and such power is to be found in section 477, supra, only; and under said section only after application and notice, then whenever upon the trial of an issue of fact it should appear that one party had possession of books and records probably containing matter material to such issue, which books and records the other party should have a right to examine before going on with trial of the issue, the party desiring inspection would have to ask the court to continue the cause, stating as a reason that he desired to make a formal application on notice for right to examine such books and records, and the court would be called on to virtually pass on such right of inspection in order to determine whether continuance should be granted, and then afterwards again pass on right of inspection when formal application for same was brought on for hearing. This certainly would be a foolish and needless procedure, and the court should and does have the right, when the parties are before it, whenever it satisfactorily appears that one party has books and records which the other party is entitled to examine in order to prepare to meet issues raised, to make an order, upon motion, requiring the allowing of such inspection. Any court having both law and equity powers surely has the power above stated, leaving section 477, supra, to be resorted to in that class of cases for which it was apparently intended, namely, where the parties are not before the court or judge, and one desires to take steps to procure an inspection of books or records in order to prepare pleadings or prepare for trial of issues of fact. That the facts shown herein entitled plaintiff to a right to inspect such books is fully sustained by Phelps v. Telegraph Co., 46 Wis. 266, 50 N. W. 288; Matter of

Martin, 62 Hun. 557, 17 N. Y. Supp. 133; Kirkpatrick v. Pope Manufacturing Co., 61 Fed. 46; Hart v. Ogdensberg, etc.; 69 Hun. 497, 23 N. Y. Supp. 713; Rutter et al. v. Germicide Co., 70 Hun. 403, 24 N. Y. Supp. 215.

The order appealed from is affirmed.

HANEY, P. J., taking no part in the decision.