[Civ. No. 25361.    Second Dist., Div. Three.    Apr. 24, 1961.]

THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CLAUDE B. ABERNATHY et al., Real Parties in Interest.

490

Robert W. Walker and Matthew H. Witteman for Petitioner.

No appearance for Respondent.

Bodle, Fogel & Warren and Arnold Kessler for Real Parties in Interest.

NOURSE, J. pro tem.*—Petitioner is the defendant in an action brought in the respondent court by one Abernathy to recover damages for personal injuries. It here seeks a writ of mandate to compel the respondent court to grant its motion to be permitted to inspect and make copies of certain papers in the possession of plaintiff.

The facts are undisputed. The accident in which Abernathy was injured occurred in New Mexico in October 1958. About five days after the accident the agent of petitioner interviewed Abernathy concerning his knowledge of the facts surrounding the accident in question and as he interviewed him, wrote the substance of his statements upon a typewriter, making an original and a carbon copy thereof. Upon the statement being completed he asked Abernathy to sign the original. Abernathy stated he did not desire to sign it until he had consulted with his brother. The agent then left both the original and copy of the statement with Abernathy. The agent had promised Abernathy a copy of the statement. When the agent returned to the hospital to pick up the signed original he was advised by Abernathy that both the original and copy had been taken by his brother to Los Angeles. They are now in the possession of Abernathy's counsel who has refused to permit petitioner to inspect said papers and take copies thereof. The deposition of Abernathy has been taken and he denies any memory of giving the statement.

*Assigned by Chairman of Judicial Council.

Upon being refused permission to examine and take copies of the statement, petitioner moved the respondent court for an order directed to Abernathy permitting petitioner to inspect and take copies of the statement. This is supported by a declaration showing the above stated facts and the fact that petitioner's agent now had no memory of the contents of the statement.

We have reached the conclusion that petitioner is entitled to the writ prayed for. Respondent real party in interest relies upon *McClatchy Newspapers* v. *Superior Court*, 26 Cal.2d 386 [159 P.2d 944] ; *Adams* v. *Superior Court*, 49 Cal.2d 427 [317 P.2d 983] and our decision in *Steele* v. *Superior Court* (Cal. App.) 9 Cal.Rptr. 14 (this opinion is no longer authority as hearing has been granted in Supreme Court). These cases are not applicable here. The rules laid down in those cases as to the showing necessary to support an order for the inspection of books and records of another are founded upon that person's constitutional right to be free from unreasonable search and seizure. (See *McClatchy Newspapers* v. *Superior Court, supra,* at p. 396.) In neither of the cases cited nor in the cases upon which the respondent court relies in the cases cited, did the person seeking discovery have any proprietary interest in the papers or documents.

In the present case there is no question of unreasonable search or seizure, for the typewritten statement delivered by petitioner's agent to Abernathy was the property of petitioner, being its agent's memorandum of the statements made by Abernathy, and Abernathy, upon receiving the typewritten statements became merely the bailee of those papers for a certain purpose. He was free to sign them and thus obtain an interest in them other than as bailee but the unsigned statements were not his property and therefore an order requiring him to permit petitioner to see and copy them would not invade any right of his. Petitioner, having an interest in the papers, had a right to inspect them and to take copies of them even though it be assumed that Abernathy also had some proprietary interest therein. (See *Strauss* v. *Superior Court,* 36 Cal.2d 396, 401-402 [224 P.2d 726] ; *Union Trust Co.* v. *Superior Court,* 11 Cal.2d 449, 460-461 [81 P.2d 150, 118 A.L.R. 259].) In Union Trust Company the Supreme Court quoted with approval from 18 Corpus Juris, page 1117, as follows:

" 'A production or inspection of books and papers will be granted where the applicant has a special interest or right in them. Thus in an action between partners production and inspection of the partnership books will be ordered almost as a matter of course when such production and inspection is sought by one of the partners. So production and inspection will be required of books kept by an executor, or trustee, where the inspection is sought by a person interested in the estate of the decedent or by a beneficiary of the trust. . . . In short, production and inspection will be granted of all books and documents in which the parties have a common interest.' " (See also *Milton Kauffman, Inc.* v. *Superior Court,* 94 Cal.App.2d 8, 19 [210 P.2d 88] ; *McGeary* v. *Brown,* 23 S.D. 573 [122 N.W. 605].)

The statement in question, while not admissible as evidence at the trial of the action, was relevant to the subject matter of the action and might be the means through which admissions by Abernathy against his interest might be proved, although the direct vehicle of proving them would be the testimony of the agent based upon his recorded memory as set forth in the statement.

Let a peremptory writ of mandate issue as prayed.

Shinn, P. J., and Ford, J., concurred.